FeebmAN, J.,
delivered the opinion of the Court.
This bill is filed to assert a title to 52 acres of land, conveyed by William Grimes, the grandfather of complainant, by deed dated 14th August,,1845, to -the “heirs of Britton Grimes; the said Britton being at the time liv'ing, and as the bill alleges, a drunken spendthrift.
The deed is entitled “a deed of gift,” and conveys the land to the heirs of Britton Grimes, in consideration of love and affection. At the time of this conveyance, the said Britton had but one child born, to-wit: the complainant, Jemima; but another was born, perhaps within three weeks of the making of said deed, who only lived a few minutes after its birth. Since the death of said last mentioned child, there have been born to Britton Grimes, perhaps -seven other children, parties to this bill. The deed of William Grimes was acknowledged before the Clerk of the County Court, by William Grimes, on 1st day of October, 1845, and was duly noted, as filed by the Register, at 12 o’clock A. m., “and registered the same day.”
Britton Grimes was put in possession of the land, and continued to occupy it for near two years after the making the deed aforesaid, when the said William and Britton conveyed the land to T. B. Smith, who, on 28th of May, 1852, conveyed to Stanford Smith, who conveyed to Brevard, and he to Tatum, and Tatum conveyed on 4th of September, 1856, to the defendant, Orrand, who *300 now holds tbe same; and the contest is between the various vendees of the land, and the children of Britton Grimes.
The case turns on the construction of, and effect to be given to, the deed of gift above recited.
It perhaps ought to be stated, that there is on the same paper as the deed of gift, below the body of the deed, the following instrument:
“P. S. — I wish it expressly understood, that the above tract of land is all the interest that the said Britton Grimes is to have, both real and personal, and that he is to have no further claim as a legatee to any of my estate after my decease. This, 1st day of October, A. H., 1845.
“Teste: R. Fowler.” ¥m. Grimes.”
This is acknowledged before the Clerk of the County Court, as appears by his certificate that the said ¥m. Grimes “acknowledges that he executed both of the within instruments for the purposes therein contained.”
What then, is the effect of the above deed of gift to the heirs of Britton Grimes, he being then living, and known to be so by his father, who placed him in possession of the land, and afterwards joined with him in the sale and conveyance of it? '
We have had much difficulty in arriving at a satisfactory conclusion on this question. There is a large and most respectable class of authorities, that hold distinctly, that a conveyance by deed to the heirs of a man living at the time, is absolutely void for uncertainty, and for want of a definite grantee to take. These decisions and authorities are mainly based on the common law maxim that no one *301 could be heir to the living; and if we are to take the word “heirs” in its technical signification, this rule would be conclusive against the complainant in this case. See Hall v. Leonard, 1 Pick., 27.
, But is this the sense in which the word “heirs” is used in the deed, or are we warranted by authority and sound principle to construe the word “heirs” to mean children? If so, the case is comparatively free of difficulty.
In the case Read et als. v. Fite, 8 Hum., 328, the deed was executed to John C. McLemore, “in trust for the use and benefit of the joint heirs of Thomas J. Road and Frances L. Read,” both being alive at the time, “as well the present as any future heirs,” “it being the express intent and meaning of this indenture, that the said McLemore is to hold said property, as trustee, for the use and benefit of said heirs, and for- no other use aud purpose whatever.” The Court say: “The provision in favor of 'the present,’ as well as 'any future heirs/ etc., proves beyond question, that the word heirs is-not employed in its technical sense, but means children.” Technically, persons in life can have no heirs; therefore, • the word “heirs” is not employed in its technical sense when coupled with the word “present,” but is used to mean, children.
The Supreme Court of Pennsylvania have held the same doctrine substantially; criticising, and refusing to follow the case of Hall v. Leonard, above referred to in Pick. R., on the ground that the rule quoted from Perkins, s. 52, referred to, and on which that cáse rested, “was predicated of incorporeal interests, which only lie in grant, and are *302 not susceptible of livery of seisin, and do not apply where registration stands instead of livery.”
The modern principle is, as to deeds as well as wills, “the intent of the grantor, when legal, is a governing principle in the construction of his deed.” See 3 S. & W., 303; Hollingsworth v. Fry, 4 Dallas, 347.
We hold, that the principles above cited, authorize us to pronounce on the facts of this case, that the word “heirs” is not here used in its technical sense, but that it means children, and was so used by William Grimes.
The deed took effect at once, was a present gift, and is as evidently on its face, a conveyance of the legal title to parties then living, and those parties, the children of Britton Grimes, under the designation of “his heirs,” as if the word present had been annexed to the gift. Such intention being so clearly and definitely expressed, we feel authorized to effectuate this gift, and carry out the clearly expressed purpose of the grandfather.
The gift on the face of the deed, being a gift inter vivos, and having no reference to the future, was intended to go into immediate effect; and Jemima Grimes, and perhaps the unborn child, being the only persons in being who could take, we hold that the whole estate belongs to the said Jemima, and that she is entitled to have a decree for the same: 2 Cold., 136. We need not decide upon the question, whether the unborn child took under the deed, as the result would be the same. Jemima, the sister being the heir of such child, would in either case, now be entitled to the whole estate, as no other child of Britton is shown to have been born within the period al *303 lowed by law for taking the estate by descent from such child.
We do not go into an elaborate statement of the numerous authorities presented by counsel for defendants, nor pretend to review them. Suffice it to say, we have carefully examined them, and announce our conclusion as to the true principle governing the ease, as above stated.
The question presented of innocent purchaser for valuable consideration, need not be discussed, as the defense is not made in the answer with the fullness required by our adjudications, and is not fairly raised in the record.
We need not refer to the other questions presented in argument by the learned counsel, further than to say, that they have been examined, and the discussion of them could not change the result.
The decree of the Chancellor will be modified in accordance with this opinion, and a decree entered'in favor of Jemima Grimes for the land'in controversy, with directions for a proper account to be taken of rents and profits, and the value of such permanent improvements as have enhanced the value of the land, etc.
The case will be remanded for such account; and to be further proceeded in; the defendants, and their sureties for the appeal, will pay the costs in this Court.