ARRINGTON and others *v.* ANGIE C. ROPER.

October Term, 1877.

MARRIED WOMAN — SEPARATE ESTATE — NOTE FOR RENT. — A note signed by a husband and wife for the rent of land, with the words "I bind my separate estate" written below the wife's signature, will not bind the wife personally, and cannot be enforced against land conveyed by deed to her, "and such children as she now has, or may hereafter have," to their sole and separate use, with power of sale in her for the purpose of reinvestment in other property on the same uses and trusts, the land "in no event to pass out of the hands of her and her children" unless thus invested.

*Roberts*, for the defendant.

THE CHANCELLOR : — This case has been submitted upon an agreed statement of facts, under the statute.

The complainants hold two notes of John T. Roper and the defendant, Angie C. Roper, his wife, for $60 each, both given for the rent of premises in which Roper and wife lived during the lease, one of them bearing date March 23, 1876, and the other March 23, 1877. Below the name of Angie C. Roper, on both notes, are written the words "I bind my separate estate." John T. Roper has since died. At the date of the execution of these notes, and for several years previous, the defendant, Angie C. Roper, held certain realty under deeds of gift from her father and the

father of her husband, each grantor conveying the one un-divided half of the land in nearly the same language. Both deeds commence by a recital of the consideration of the love and affection of the grantor for Angie C. Roper and John T. Roper, and such children as she now has or may have, the deed of the father says, " by her present hus-band or any future husband," and the deed of the father-in-law says, "by my said son." The conveyance of the father's deed is " unto the said Angie C. Roper, and such children as she now has or may hereafter have, to their sole and separate use, free from the debts, contracts, or liabilities of her present or any future husband," * * * " to have and to hold to the said Angie C. Roper, and such children as she now has or may hereafter have by her present or any future husband, free from the debts, contracts, or liabilities of the said present or any future husband that the said Angie C. may have." The deed confers upon the said Angie C. the power of sale for the purpose of reinvestment in other property on the same uses and trusts, but adds : "In no event is this property to pass out of the hands of her and her children, unless invested as above described for their sole use and benefit." The conveyance of the father-in-law is to the said Angie C. and such children as she now has or may have by John T. Roper, but the *haben-dum* is : " To have and to hold to the said Angie C. Roper and such children as she now has or may have by her present husband, John T. Roper, or any future husband that the said Angie C. may have." This deed contains a power in the wife and husband to sell, for reinvestment in property to be held upon the same trusts and conditions. Both deeds contain provisions in the event the husband survive the wife, which need not be noticed. The deed of the father-in-law bears date January 3, 1867, and the deed of the father is dated November 23, 1869. The object of the submission is, to ascertain whether the defendant, Angie C. Roper, has rendered herself, or her interest in said property, liable to any, and what, extent for the rent-debt.

A deed, *in præsenti*, to a woman named and her children, she then having children, will vest the title in her and her children equally. Co. Lit. 3 *a*, 9 *a*; Perk., sec. 54; *Hickman* v. *Quinn*, 6 Yerg. 96; *Grimes* v. *Orrand*, 2 Heisk. 298; *Stroman* v. *Rotterbury*, 4 Desau. 268; *Holeman* v. *Fort*, 3 Strobh. Ch. 74. No title will, it seems, vest in children thereafter born, at any rate at law, notwithstanding a clear declaration of the grantor's intent that the after-born children shall take. *Lillard* v. *Rucker*, 9 Yerg. 64; *Newsom* v. *Thompson*, 2 Ired. 277. But they would take as beneficiaries under a trust by deed. *Turner* v. *Ivie*, 5 Heisk. 222; *Gray* v. *Hays*, 7 Humph. 588; *Read* v. *Fite*, 8 Humph. 328; *Hurd* v. *French*, 2 Tenn. Ch. 353. And the living grantees under a direct deed would hold the legal title in trust for themselves and the after-born children. *Moreau* v. *Saffarans*, 3 Sneed, 595; *Holmes* v. *Jarrett*, 7 Heisk. 506; *Jackson* v. *Sisson*, 2 Johns. Cas. 321. And, in either view, the mother and children are equally entitled to the property granted. *Bowers* v. *Bowers*, 4 Heisk. 293. The defendant, Angie C. Roper, has, therefore, only an undivided estate in the land as tenant in common with her children, subject to be diminished by the birth of other children. And being now in actual occupancy of the property with her children, she is the head of a family, and entitled to a homestead as against the complainant. *Brien*, *ex parte*, 2 Tenn. Ch. 33.

The notes executed by her with her husband are clearly void as notes. *Sheppard* v. *Kindle*, 3 Humph. 80. They are only effective, if effective at all, as written agreements intended to bind her separate estate. *Porter* v. *Baldwin*, 7 Humph. 175; *Chatterton* v. *Young*, 2 Tenn. Ch. 771. But the deeds confer upon her only the power of selling the property with a view of reinvestment, and the specification of that purpose operates as a restraint upon the power of disposal as much as the limitation of a definite mode of disposition. *Campbell* v. *Fields*, 1 Coldw. 416; *Starnes* v. *Allison*, 2 Head, 221. And the transaction is, moreover,

a mere securityship for the husband, and will not bind her separate estate. *Lightfoot* v. *Bass*, 2 Tenn. Ch. 677.

I am of opinion, therefore, that the notes are not binding on the defendant personally, nor on her separate property, and that they must be delivered up to her in accordance with the agreement embodied in the case submitted.