CALCINA M. SEE, ANNA E. WIGHTMAN AND PLINY A. DERR
v. MELISSA M. DERR, CHAS. S. DERR AND ISAAC O. DERR.

*Deed—" Heirs " construed as " children."*

1. "Heirs" may mean "children." So *held* where an improvident person deeded land to his brother to be immediately deeded by the latter to the wife and "heirs" of the former.

2. In Michigan, a remainder in fee may lawfully be created in favor of an unborn child.

3. Costs on chancery appeal are discretionary, and were denied on modifying a decree where appellant denied existing adverse interests.

Appeal from Oakland. (Stickney, J.) June 10.—June 17.

BILL to correct deed, etc. Defendant Isaac appeals. Decree modified.

*Newton & Howard* for complainants.

*Jas. M. Goodell* and *Hugh McCurdy* for defendant appellant. Estates tail are abolished in Michigan, by 1. The code of 1820, p. 393 ; 2. Rev. Stat. 1827, p. 261 ; 3. Comp. L. (1871) § 4070, which section is an exact copy from the Revised Statutes of New York, in force in 1820, and ever

since; 1 Rev. Stat. (N. Y.), p. 22, sec. 3; *Coe v. De Witt*
22 Hun 429; in New York the construction of words of
similar import to those disputed here has always been to vest
an estate in fee in the grantee: *Lott v. Wykoff* 2 N. Y. 355;
*Brown v. Lyon* 6 N. Y. 419; *Striker v. Mott* 28 N. Y. 91;
*Schoonmaker v. Sheely* 3 Den. 485; *Thurber v. Chambers*
66 N. Y. 42; *Seaman v. Harvey* 16 Hun 71; *McLoughlin
v. Maher* 17 Hun 215: *Hounsela v. Hand* 21 Hun 253;
*Coe v. De Witt* 22 Hun 428; a grant to be valid, must be
to a corporation, or to some certain person named, who can
take by force of the grant and hold in his own right, or as
trustee: *Jackson v. Cory* 8 Johns. 385; *Jackson v. Sisson*
2 Johns. Cas. 321; a conveyance to the heirs of a living per-
son is void: 3 Washb. R. P. 6; *Morris v Stephens* 46 Penn.
St. 200; *Bartles' Petition* 20 Am. L. Reg. (N.S.) 98 and note;
*Hall v. Leonard* 1 Pick. 27; *Winslow v. Winslow* 52 Ind.
8; *Newsom v. Thompson* 2 Ired. 277; a grant to one unborn,
is void; *Dupree v. Dupree* Busb. Eq. 164; *Hall v. Thomas*
3 Strobh. 101; *Hamilton v. Pitcher* 53 Mo. 334; convey-
ance to J. S. *or* his heirs, vests the title in J. S. absolutely:
*Ready v. Kearsley* 14 Mich. 225: it is the same as to J. S.
*and* his heirs; *Hogan v. Page* 2 Wall. 605; the declarations
of the grantor at the execution of the instrument are inad-
missible to prove his intention: *Huss v. Stephens* 51 Penn.
St. 282; under *Nemo est haeres viventis,* a testamentary
gift to the heirs of A., during A.'s lifetime, is void: 3
Greenl. Cruise 106, § 317; 2 Jarm. on Wills 13; *Otis v.
Prince* 10 Gray 582; *Norris v. Hensley* 27 Cal. 439, 450;
*Campbell v. Rowdon* 18 N. Y. 412, 416; in a conveyance to
a married woman and her children, those subsequently born
do not take: *Ayton v. Ayton* 1 Cox Ch. 327; *Stroman v.
Rottenbury* 4 Dessaus. 268; *Hogg v. Odom* Dud. (Ga.) 185;
*Grimes v. Orrand* 2 Heisk. 298; *Holeman v. Fort* 3 Strobh.
Eq. 66; *Kitchens v. Craig* 1 Bailey 119; in *Hunter v. Wat-
son* 12 Cal. 363, it was held that a deed to a person not then
living and his heirs would be void, since the word "heirs"
was a word of limitation and not of purchase, and conse-
quently there was no person to take under it: see *Brant,
ex dem. Provost v. Gelston* 2 Johns. Cas. 384; *Thurber v.
Chambers* 66 N. Y. 42: 4 Hun 721; where a devise in gen-
eral terms to the testator's infant son was followed by a
habendum, "during his natural life and to his heirs" with
a limitation over to certain nephews and nieces in case the
son should die within age, and without lawful issue—held,
that if consistent with the general scope of the will, the

word " heirs" must be construed as a word of limitation, enlarging the life estate to a defeasible estate in fee simple: *Carter v. Reddish* 32 Ohio St. 1 ; see also *Wilson v. Wilson* 32 Barb. 328 ; *Sherman v. Sherman* 3 Barb. 385 ; *Barnes v. Hathaway* 66 Barb. 453 ; *Brant v. Gelston* 2 Johns. Cas. 384 ; *Patterson v. Ellis* 11 Wend. 259 ; *Grout v. Townsend* 2 Hill 554; *Morris v. Stephens* 46 Penn. St. 200; *Huss v. Stephens* 51 Penn. St. 282 ; *Bailey v. Bailey* 25 Mich. 185 ; *Sutphen v. Ellis* 35 Mich. 446 ; *Éberts v. Éberts* 42 Mich. 404 ; *Jacobs v. Miller* 50 Mich. 119.

CAMPBELL, J. This bill was filed in Shiawassee county, to correct a deed, and remove certain incumbrances, so far as complainants' rights are concerned, upon lands in that county once owned by their grandfather, John Derr, and intended by him, as claimed, for the joint benefit of complainants and their mother, Melissa M. Derr, one of the defendants.

On January 10th, 1857, John Derr made a conveyance of the land to his son Charles S. Derr, the father of complainants, but subject to stringent conditions against incumbering or alienating during the grantor's life. On the 23d of January, 1862, a few months before complainant Pliny was born, there being some prospect that Charles S. Derr would go into the army, an understanding was had that the land should be secured in some way for his wife and family. Pursuant to this understanding John and Charles S. Derr, and their wives, joined in conveying the property to defendant Isaac O. Derr, who is a brother of Charles, for the sole purpose expressed, " to convey the said land in fee to Melissa M. Derr, wife of said Charles S. Derr, and the heirs of said Charles S. Derr." On this same day, and as a part of the same transaction, Isaac O. Derr and wife made a conveyance, in which Melissa M. Derr was named as party of the second part, and which in the granting part conveyed the land " unto the said party of the second part, and to the heirs and assigns, forever, of Mr. Charles S. Derr, husband of said second party; * * * the estate in said land to be to said second party for the period of her natural life, and remainder in fee to the heirs of said Charles S. Derr. * * * to have and to hold the said premises as described, with the

appurtenances, unto the said party of the second part, for her natural life, and to the heirs and assigns, forever, of said Charles S. Derr." At that time, complainants Calcina M. See and Amel E. Wightman were young children. Pliny was born September 12, 1862, a little less than eight months thereafter.

After this, Charles S. Derr (whose improvidence was a principal cause of this arrangement) and his wife Melissa, executed several mortgages on the premises to Isaac O. Derr and others. In 1876 an attempt to procure another loan from outside parties led to a refusal, on the ground of imperfect title in Melissa M. Derr. Thereupon a bill was filed in her name asserting that the deed was intended to be made to her in fee-simple, and asking to have it corrected so as to provide in that way. This bill was taken as confessed against complainants, two of whom are infants, and on a reference to a commissioner and on the sworn statements of John, Isaac, and Charles S. Derr, it was so decreed. This decree was made in February, 1877. Petitions were subsequently filed on behalf of complainants to set aside this decree for various grounds involving circumstances against equity in the conduct of the proceedings, and the decree was afterwards opened, and the bill dismissed, with general acquiescence.

The case now comes before us on complainants' bill at issue on the facts. The court below decreed that the complainants were tenants in common with Melissa, each owning an undivided fourth part of the estate by present title in fee. Isaac O. Derr appeals, claiming by title under his mortgages in fee-simple.

If we look only at the deed made in 1862 by John and Charles Derr, and their wives, to Isaac, it would be quite consistent with it to hold that it was intended to have Isaac place the title in Melissa and the two children of herself and Charles S. Derr then living. As Charles Derr is a party to the deed, and therefore shown by it to be living, the word "heirs" must be construed as used in its popular and not uncommon sense as "children," and meant to so describe them. But inasmuch as the deed from Isaac was made out

at the same time, and with the intention in all parties that it should be regarded as the means of carrying out their common purpose, it must be regarded as actually conforming to that purpose, unless some mistake is made out. The construction of this deed is plainly enough that Melissa should have a life-estate, and the children a remainder in fee. For that purpose it is a perfect instrument, using the word "heirs" as meaning children. This meaning, when used in reference to the heirs of a person appearing by the deeds to be living, is sustained by many authorities, several of which are cited by counsel for complainants. The case of *Heard v. Horton* 1 Denio 165, contains a full discussion of the subject.

Upon an examination of the testimony we are satisfied that it was the original purpose in fact of the parties, when the transaction of 1862 took place, to give a life-estate to Melissa M. Derr, and to give the children no more than a remainder in fee. The deed made by Isaac at that time is open to no objection, except the formal one of using an ambiguous word, "heirs," to describe the children. Complainants do not dispute the intention of the parties to include Pliny as well as the others, and as a remainder may be lawfully created under our statutes in favor of an unborn child, and as such was the probable intention here, there is no legal obstacle to so declaring.

In our opinion the title of Melissa covered the whole land as a life-estate, but complainants are entitled to the remainder in fee, and the mortgages and transfers made by Charles and Melissa are void as to such remainder. The decree, therefore, is incorrect in recognizing any title whatever in fee in Melissa and also in recognizing a vested estate in present enjoyment in three-fourths of the land in complainants. The decree must be so modified as to declare the interests as a life-estate in Melissa in the whole property, and a remainder in fee in complainants after such life-estate, and its various provisions must be so changed as to conform to that holding.

As the chief controversy arose out of the assertion by Isaac O. Derr, the defendant who appeals, of a right in denial of

any interest whatever in complainants, and as the costs in equity are in our discretion, we think that the decree, as modified in this Court, should leave the costs below as decreed there, and grant no costs to either party in this Court.

The other Justices concurred.