## Brasington et al., Appellants, *v.* Hanson et al.

*Tenancy in common—Creation of— " Heirs "—Deed.*

A deed to a grantee and her heirs for the use of the grantee and her heirs, enumerating as her heirs four of her children by name, creates a tenancy in common in the grantee and the four children with an immediate right of possession in all.

Argued May 5, 1892. Appeal, No. 462, Jan. T., 1892, by plaintiffs, Oscar Brasington et al., from judgment of C. P. Warren Co., Sept. T., 1886, No. 34, on verdict for defendants, John P. Hanson et al. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Ejectment.

At the trial before BROWN, P. J., it appeared that in 1842 the premises in question were conveyed by a deed in which Archibald Tanner was named as party of the first part and Sally Brasington as party of the second part. The grant was to " the said party of the second part, her heirs," the words " and assigns " immediately following " heirs " being stricken out both here and in the habendum and warranty. Immediately after the description were the words " for the only use and behoof of the said Sally Brasington and her heirs, viz. : Samuel, Milton, Oscar and Albert H. Brasington." The habendum was " to have and to hold the premises hereby granted with the appurtenances unto the said party of the second part, her heirs to the use of the said party of the second part her heirs forever ; " the warranty was " to the said party of the second part, her heirs. " Sally Brasington died in 1884. Samuel, Milton, Oscar and Albert H. Brasington were four of her fourteen children. The plaintiffs were Oscar and Albert H. Brasington and their grantees, and the heirs of Milton Brasington and their grantees.

Defendants claimed under a deed from Sally Brasington to Brown, dated April 17, 1855, stated therein to be made " to de-

bar any estate tail in possession, reversion or remainder which the said Sally hath or may have in the land, tenements or hereditaments hereby granted or intended so to be." Defendants and those under whom they claimed title, had been in open, notorious, continuous, adverse and hostile possession since 1855. The court directed a verdict for the defendants, charging in part as follows :

[" We think that on its delivery the deed vested in Sally Brasington, and her four sons, named, the immediate right to the possession and enjoyment of the lots as tenants in common."] [5]

*Error assigned* was, among others, the charge of the court as above, quoting it.

*J. H. Donly*, with him *H. H. Goucher* and *J. W. Lee*, for appellants.

*C. W. Stone*, with him *Allen J. Higgins*, *W. D. Hinckley* and *W. E. Rice*, for appellees.

PER CURIAM, May 23, 1892:

The first and second specifications were not pressed upon the argument at bar. The remaining specifications involve the proper construction of 'the deed of Arthur Tanner to Sally Brasington. The learned judge below held, and we think properly, that this deed vested in Sally Brasington, and her four sons named therein, the immediate right to the possession and enjoyment of the lots in controversy, as tenants in common. See fifth specification. The grant in the deed is to Sally Brasington, "for the only use and behoof of the said Brasington, and her heirs, viz.: Samuel, Milton, Oscar and Albert H. Brasington." The grant to the said Sally is to her and her heirs. The word " assigns" is stricken out wherever it occurs in the deed. This, however, is not important, as a grant to a man and his heirs carries with it the estate to his assigns by operation of law.

It was contended by the appellants that Sally Brasington took but a life estate, and that no title vested in the designated heirs until her death. We do not think the word " heirs " in this deed was intended to be used in its ordinary sense. On the contrary, we think it means children. Had the conveyance been to her, and to children as a class, the contention of the ap-

pellants would have had more force.   But it was not to a class, but to certain designated children, and we think the learned judge below was right in holding, that the title was vested in Sally Brasington, and her four children named, as tenants in common.   The language of the deed is unusual, and we know of no case that is upon all fours with it.

Judgment affirmed.