BLACKBURN *et al. v.* BLACKBURN *et al.*

(*Nashville.* December Term, 1902.)

1. **DEED. To mother and children, without qualifying
   words, vests title in them as tenants in common. General
   rule.**

   A conveyance of lands to a mother and her children, without
   qualifying words, is often held to be one *in praesenti* vesting
   title in the then living children and the mother as tenants
   in common, and by construction of law excluding after-born
   children, either upon the idea that a freehold can not be creat-
   ed to take effect *in futuro*, as at common law livery of
   seizin was essential to such estate, or else upon an implica-
   tion from the instrument of an intention upon the part of
   the grantor that the title should pass to the children living,
   as if they had been named. (*Post, pp.* ᴦᴄ8-679.)

   Cases cited: Lillard *v.* Ruckers, 9 Yerg., 64; Seay *v.* Bacon, 4
   Sneed, 100; Bearden *v.* Taylor, 2 Cold., 134; Livingston *v.*
   Livingston, 16 Lea, 448; Tharp *v.* Yarborough,
   79 Ga., 382; See *v.* Derr, 57 Mich., 369; Heath *v.*
   Hewitt, 127 N. Y., 166; Brasington *v.* Hanson, 149 Pa., 289.

2. **SAME. Same. But purpose of grantor to include after
   born, as well as living, children, will be effectuated.**

   But if the deed, when taken altogether, discloses a purpose upon
   the grantor's part that all the children of the mother, with-
   out regard to the time of their birth, shall become beneficiaries
   of the property conveyed, then to effectuate such purpose the
   mother will be converted into a tenant for life, and the
   children into remaindermen, the remainders vesting in the
   children living at the time of the instrument and the estate
   opening upon the subsequent birth of children so as to em-
   brace them; or else the mother will be held to be a trustee
   for herself and her then living as well as after-born chil-
   dren. And a slight indication will induce the courts to

Blackburn v. Blackburn.

adopt the construction of the deed which will effectuate the intention of the grantor. (*Post*, p. 679.)

Cases cited and approved: Moore *v.* Simmons, 2 Head, 546; Beecher *v.* Hicks, 7 Lea, 207.

3. **SAME. Same. Same. Case in judgment.**

A father conveyed lands to his daughter "and her children, forever;" and in a subsequent clause provided that, in case the daughter died before her husband, he should have 400 acres of said lands for use and occupancy during his life, which, at his death, should go to "said children and bodily heirs" of the daughter, and that the daughter and husband be put in possession of all the lands and improvements to their own use, the husband to have control of the whole during his life; the daughter and her husband subsequently conveyed all the interest they had in said lands to the grantor and his wife, who survives. The daughter has since died. Claim by wife of grantor and the children, living at time of conveyance to daughter, that they are tenants in common of all of the land to exclusion of after-born children.

HELD: 1st. The deed created a life estate in the daughter and her husband with vested remainders in the children living at the date of the deed, which opened and admitted the after-born children. 2d. That the subsequent reconveyances by the daughter and her husband to the grantor and his wife operated to pass their life estates only. (*Post*, pp. 676-683.)

---

FROM GILES.

---

Appeal from the Chancery Court of Giles County. A. J. ABERNATHY, Chancellor.

R. H. McLAURINE, for complainants Blackburn.

W. H. McCALLUM, for defendants Blackburn.

SMITHSON and ESLICK, for defendant Truett.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

On the 15th day of July, 1875, Robert H. Laird made and delivered a deed to his daughter, Mary Mc-Million Blackburn, by which was conveyed a valuable tract of land in Giles county, consisting of one thousand and sixty-three acres. In the premises of this instrument it is recited that the grantor, for the love and affection he bore his daughter, and for a nominal money consideration, did "give, transfer, and convey to the said Mary McMillion Blackburn, wife of Jas. K. Polk Blackburn, and her children, forever," the land in question, describing it by metes and bounds, with all the appurtenances and improvements. Following the description, the deed contains the following clauses, viz.: "I covenant with the said Mary McMillion Blackburn . . . to warrant and defend the title to the said land . . . to the said Mary McMillion Blackburn and her children . . . against any claim to be made by me. . . . And I . . . do further agree and provide in this transfer . . . that in the event of the death of Mary McMillion Blackburn, wife of James K. Polk Blackburn, before her said husband, then . . . he, the said James, . . . shall have by three disinterested landowners in said county . . . set apart for him four hundred acres of the above-described lands; . . . to have and to hold and use and

occupy during his lifetime, and at his death to go to the said children, bodily heirs of said Mary McMillion Blackburn; and further, the said Blackburn and his said wife are hereby put in possession of all of said lands and improvements . . . to their own use, said Blackburn having control . . . of the said place with all the proceeds thereof during the lifetime of his said wife and then to the said four hundred acres herein provided for . . . during his lifetime."

At the date of this deed, Mrs. Mary McMillion Blackburn had four living children, one of whom, a daughter, married Alpheus Truett, and had born to her of this marriage a child named Edward Truett. Mrs. Truett afterwards died during the lifetime of her mother, leaving surviving this child. Subsequent to the date and delivery of the deed there were born to Mrs. Mary Blackburn five other children. Thereafter she died leaving surviving her husband and, in all, eight children and the grandchild, Edward Truett.

Another fact which it is proper to state is that on the 7th of January, 1878, James K. P. Blackburn and his wife, Mary M. Blackburn, conveyed all the interest of whatever kind which they had in this tract to the original grantor, R. H. Laird, and his wife, Nancy M. Laird. The grantee, R. H., is now dead, leaving his wife, Nancy, surviving; so that, if this deed conveyed any interest at all, it was an estate by entirety, of which she is now the owner.

The present bill was filed by Nancy M. Laird and the three surviving children of Mary M. Blackburn who were living at the date of the deed from R. H. Laird to Mary M. Blackburn and her children against the children born after that date and Edward Truett, the minor child of the dead sister. The claim of complainants is that under this deed Mrs. Blackburn and her then four living children took as tenants in common the property in question, to the exclusion of the after-born children; that the minor succeeded to the interest of his mother upon her death; and that Mrs. Laird, by virtue of the deed to herself and husband and her survivorship, was the owner of the interest originally conveyed to Mrs. Blackburn; and they ask that their claims be established by a decree, and that the land be partitioned between them.

This claim thus made, resisted as it is by the after-born children, makes necessary a construction of the deed of 15th July, 1875.

There is no doubt that a conveyance to a mother and her children, without qualifying words, is often held to be one *in praesenti,* vesting title in the then living children and the mother as tenants in common, and by construction of law excluding children coming into being thereafter. In the cases where this has been held, the rule is rested either upon the idea that a freehold could not be created to take effect *in futuro,* as at common law, livery of seizin was essential to such estate, or else upon an implication from

the instrument of an intention upon the part of the grantor that the title should pass to the living children as if they had been named therein.   *Lillard* v. *Rucker,* 9 Yerg., 64; *Seay* v. *Bacon,* 4 Sneed, 100 (67 Am. Dec., 601); *Bearden* v. *Taylor,* 2 Cold., 134; *Livingston* v. *Livingston,* 16 Lea, 448; *Tharp* v. *Yarborough,* 79 Ga., 382 (4 S. E., 915, 11 Am. St. Rep., 439); *See* v. *Derr,* 57 Mich., 369 (24 N. W., 108); *Heath* v. *Hewitt,* 127 N. Y., 166 (27 N. E., 959, 13 L. R. A., 46, 24 Am. St. Rep., 438); *Brasington* v. *Hanson,* 149 Pa., 289 (24 Atl., 344).   But if the deed, when taken altogether, discloses a purpose upon the grantor's part that all the children of the mother, without regard to the time of their birth, shall become beneficiaries of the property conveyed, then to effectuate this purpose the mother will be converted into a tenant for life, and the children into remaindermen, the remainders vesting in those living at the date of the instrument, and the estate opening upon the subsequent birth of children so as to embrace them; or else the mother will be held to be trustee for herself and her then living as well as her after-born children.   And a slight indication will induce the courts to adopt the construction of the deed which will effectuate the intention of the grantor.   *Moore* v. *Simmons,* 2 Head, 546; *Beecher* v. *Hicks,* 7 Lea, 207.

In view of these rules of interpretation, we will examine the deed in question.   In the first place, we can see no reason why the grantor should have preferred

the living to the exclusion of the after-born children of his daughter. The moving consideration for its execution was the "love and affection he bore to his daughter and her children." If his purpose was to make the then living children of this daughter the special objects of his bounty, it would have been an easy matter for the grantor to have named them, so as to leave doubt impossible. In addition, this would be the natural mode of expressing such purpose. But, familiar as the grantor was with his daughter's family, he forbore to name them as grantees, but used the broad and generic term "children," comprehensive enough to embrace all those who at any time were born to this daughter.

In the second place, we think an examination of the deed not only makes it clear that this term was designedly used in this comprehensive sense, but that this design or purpose of the grantor, so evidently fair and just, may be carried out by the courts without doing violence to any sound rule of construction. In *Beecher v. Hicks,* supra, the deed was to "Sarah Catherine Hicks" and to "the children of the said Sarah Catherine upon her body begotten by her said husband," and it was held that it was the clear purpose of the grantor to carry the property conveyed to all the children falling within the class cited as the direct objects of his bounty, and that this would be effectuated either "by treating the conveyance as being to the mother in trust for herself and her children, or

Blackburn v. Blackburn.

giving her an estate for life, with remainder to her children." There were no other words in the conveyance upon which such a conclusion could be rested, but the court, to effectuate the purpose of the grantor, seized upon the clause which has been quoted above.

But we think in the present deed is to be found phraseology which indicates that the intention of the grantor was to embrace all the children of Mrs. Blackburn, and at the same time to restrict her to a life estate. This is found in the paragraph where it is provided that "the said Blackburn and his said wife are hereby put in possession of all said land. . . . and every part thereof, to their own use, said Blackburn having control and management . . . during the lifetime of his wife." If the deed was to take effect *in praesenti,* as is claimed by the complainants, it is difficult to account for this provision; for, taking effect at its delivery, the mother and her living children would have had vested in them an estate in fee, the use and control of which, by operation of law, would have redounded to the interest of all as tenants in common; and the mother's interest would, upon her death, have passed under the statute of descents or by virtue of her last will, as the case might be.

Evidently, however, this was not in the grantor's mind. It was, so far as the mother was concerned, intended that the property as a whole should be limited to a use by the husband and wife during the term of her natural life. For whom and in whose interest

was this use thus limited?     Can it be for a moment supposed the idea was in the mind of the grantor that Blackburn and wife and the children living at the date of this deed were to be alone the beneficiaries of this use?     Such a supposition is unnatural, and, we are satisfied, does violence to the purpose of the grantor.     On the contrary, our opinion is that he intended this valuable property as a home for his son-in-law and daughter and the children whenever born to this daughter, as long as she lived, and that upon her death leaving surviving her husband and children, the remainder interest of the latter ripened into a right of possession, so that her husband, if he saw proper, could, after the mode prescribed in the deed, have set apart to him four hundred acres out of the tract for his own use during the remainder of his life, and at his death this portion of the tract would pass into the possession of their children or their representatives.     In other words, we think two life estates were therein provided for—one for the mother in the whole tract during her life, and upon her death another for the father in a portion of it, if he saw proper to assert it.     The provision in the deed that upon the death of J. K. P. Blackburn the portion set apart to him shall "go to the said children, bodily heirs of said Mary McMillion Blackburn," neither adds to the class of remaindermen nor reduces the interest of any of the class already provided for or named earlier in the deed.

The result of this construction is that the children living at the date of the deed took a vested remainder in the whole tract; that the remainder opened up to admit after-born children; that the minor, Truett, succeeded upon the death of his mother to her interest in the land; and that under the deed of Blackburn and his wife to R. H. Laird and his wife the grantees took only the life interest of Mrs. Blackburn in the whole, and the possible life interest of Blackburn in the four hundred acres contingently provided for him.

A decree will be entered in accordance with this opinion, and for a remand for partition or sale for partition. The costs of the lower court accrued up to the date of the appeal will be paid by the complainants, and of the appeal will be divided between the complainants and defendants, save and except Edward Truett. The costs accruing upon the remand will be disposed of by the chancellor.