Speight v. Askins.

OCIE SPEIGHT *et al. v.* WILLIAM ASKINS *et al.*

(*Jackson.*  April Term, 1907.)

1. **DEEDS OF CONVEYANCE.** To wife and the heirs of her body begotten by her husband creates in her a fee simple estate.

   A husband's conveyance of land to his wife and the heirs of her body begotten by him creates in her a fee simple estate. The words are words of limitation, and not purchase, and created in the wife at common law an estate in special tail, which under our statute (Shannon's Code, section 3673) is held and deemed to be a fee simple estate.

   Code cited and construed:  Sec. 3673 (S.); sec. 2813 (M. & V.); sec. 2007 (T. & S. and 1858).

   Cases cited and approved:  Middleton v. Smith, 1 Cold., 144; Kirk v. Furgerson, 6 Cold., 483; Skillin v. Loyd, 6 Cold., 564; Wynne v. Wynne, 9 Heisk., 309: Boyd v. Robinson, 93 Tenn., 34; Bingham v. Weller, 113 Tenn., 77.

   Cases cited and distinguished:  Read v. Fite, 8 Humph., 328; Grimes v. Orrand, 2 Heisk., 298; Turner v. Ivie, 5 Heisk., 229; Ragsdale v. Mabry, 8 Bax., 300; Beecher v. Hicks, 7 Lea, 207.

2. **CONSTRUCTION OF INSTRUMENTS.** Cardinal rule is to ascertain the intention of the parties regardless of formalities.

   The cardinal rule of construction of all instruments is to ascertain from all their parts the intention of the parties, without regard to the formal parts, and, where the rules of law will allow, to the particular language used.

   Cases cited and approved:  Beecher v. Hicks, 7 Lea, 212; Fogarty v. Stack, 86 Tenn., 610.

FROM OBION.

Appeal from the Chancery Court of Obion County.—
JOHN S. COOPER, Chancellor.

ALEX. N. MOORE, for complainants.

LANNOM & STANFIELD, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

This cause involves the title to a certain tract of land
situated in Obion county, and is before us upon the
appeal of the complainants from a decree of the chan-
cellor sustaining a demurrer to their bill, and dismiss-
ing it, with costs. The facts appearing from the bill
necessary to be here stated are these:

J. W. Askins, on August 26, 1885, conveyed to his
wife, Addie Askins, a certain tract of land situated in
Obion county; the effective and operative part of the
conveyance being in these words:

"Now, therefore, I, James W. Askins, in considera-
tion of the fact that $1,307, the purchase money paid
for said land, was the proceeds of Addie Askins', his
beloved wife's property; and whereas, the same was pur-
chased under a direct understanding that she receive the

benefits of the purchase, now, therefore, I, James W. Askins, party of the first part, in pursuance of said agreement as set forth above, do bargain, grant, sell, and convey unto the said Addie Askins and the heirs of her body begotten by me the following described tract of land lying in district No. 7 of Obion county, Tennessee, and bounded on the north by the lands of J. R. Davis, on the east by the lands of William Stanley and J. R. Davis, on the south by the lands of Frank Gardner, and on the west by the lands of Addie Askins, grantee in this conveyance, containing ninety-five acres more or less, and to hold the same in her own right and to her sole and separate use, free from claims of all persons whomsoever."

Subsequently he and his said wife sold about ninety acres of this land to the defendant William Askins, and on December 30, 1896, joined in conveying the same to him in fee, and he is now in the possession of the same, claiming a fee-simple title.

When James W. Askins made the conveyance to his wife, they then had living seven children, the issue of their intermarriage. After the conveyance to William Askins, Mrs. Addie Askins died intestate. The complainants are three of the daughters of J. W. and Addie Askins, and have brought this suit, their husbands joining with them, to recover three undivided sevenths of the land conveyed to William Askins. Their contention is that the conveyance of J. W. Askins to his wife and their mother, Addie Askins, vested in her a

life estate in the lands conveyed, and in the then living children of J. W. and Addie Askins the remainder in fee, and is predicated upon the use of the words "heirs of her body begotten by me," in the deed.

This contention is not sound. These words, "heirs of her body begotten by me," are not words of purchase, but of limitation. They have a well-settled technical meaning, and import perpetual succession, and are construed to be a limitation over to the grantor upon an indefinite failure of issue of the particular heirs to whom the estate is granted, and under the common law create an estate in special tail. This construction of words and phrases of similar meaning such as "her bodily heirs," "the natural issue of her body," "heirs of her body," "lawful issues of her body," is a well-settled rule of property governing the vestiture of title to real estate.

And in this State, whenever an estate of general or special tail is created, whether by conveyance or devise, the party to whom the conveyance or devise is made becomes and is deemed to be seized of the lands conveyed in fee simple. *Middleton* v. *Smith,* 1 Cold., 144; *Kirk* v. *Furgerson,* 6 Cold., 483; *Skillin* v. *Loyd,* 6 Cold., 564; *Wynne* v. *Wynne,* 9 Heisk., 309; *Boyd* v. *Robinson,* 93 Tenn., 34, 23 S. W., 72; *Bingham* v. *Weller,* 113 Tenn., 77, 81 S. W., 843, 69 L. R. A., 370, 106 Am. St. Rep., 803; Code, sec. 2813; Shannon's Code, sec. 3673.

The conveyance, therefore, of J. W. Askins to Mrs. Addie Askins, vested in her a fee-simple estate in the lands conveyed, and the defendant William Askins ac-

quired the same estate under the conveyance made to him.

The cases of *Ragsdale* v. *Mabry,* 67 Tenn., 301; *Turner* v. *Ivie,* 52 Tenn., 229, and *Beecher* v. *Hicks,* 75 Tenn., 206, relied upon by counsel for complainants, have no application to the one under consideration. The conveyances and devises involved in those cases were made to certain persons and their "children," a word of purchase and not of limitation, except in cases where the context shows unmistakably that the conveyor or testator used it in the sense of "heirs."

Complainants further insist, in construing the conveyance made by J. W. Askins to Addie Askins, that the court should consider it as a whole, in order to ascertain the intention of the conveyor in making it, and that when this is done it appears that the words "heirs of her body begotten by me" were used in the sense of children, and should be taken as and construed to be words of purchase, vesting in them in remainder the title to the property conveyed.

The cardinal rule of construction of all instruments is to ascertain from all their parts the intention of the parties to them, without regard to the formal parts, and, where the rules of law will allow, to the particular language used. *Beecher* v. *Hicks,* 75 Tenn., 212; *Fogarty* v. *Stack,* 86 Tenn., 610, 8 S. W., 846.

And we have some cases in which the word "heirs" has been held, upon a consideration of the entire con-

veyance or will, to mean "children;" but in all of them it clearly appeared from the context that children then living were intended and meant by the conveyor or testator. *Read* v. *Fite,* 8 Humph., 328; *Grimes* v. *Orrand,* 49 Tenn., 298.

These were not cases, however, where the rule required the words to be construed according to their well-settled technical meaning and to create estates tail, general or special. There is also nothing in the conveyance we have before us indicating that the words in question were intended to mean "children." There is nothing in it showing an intention upon the part of the conveyor to vest in Mrs. Askins a life estate only, and a remainder in fee to her children. On the contrary, the recital that the land was purchased for Mrs. Askins and paid for with her money, under an agreement that the title be vested in her, shows that it was the intention of the parties that she should be vested with the fee-simple title.

We think there is no error in the decree of the chancellor, holding that the complainants had no interest in the land sued for, and that the defendant William Askins acquired good title to the same under his purchase from J. W. and Addie Askins; and it is affirmed, with costs.