ALFRED G. THOMASON v. GARDNER SMITH.

Western Section. June 22, 1928.

No petition for Certiorari was filed.

Harry E. Jones and C. A. Ogan, of Dresden, for appellant.
J. W. Thomas, of Dresden, for appellee.

OWEN, J. The question that determines this law suit is a proper construction of a certain deed executed by John N. Brasfield and wife to J. R. Thomason and wife, Nora G. Thomason. The complainant is a son and the only heir-at-law of J. R. Thomason, who died intestate. The defendant is a son of Mrs. Nora C. Thomason by a former marriage. Mrs. Nora G. Thomason died testate, and about two years prior to the death of her husband J. R. Thomason. The deed conveyed a certain house and lot in the town of Dresden, Tennessee, which J. R. Thomason and his wife Nora G. Thomason occupied as a home. By the tenth clause or item of Mrs. Thomason's will, she devised her interest in said house and lot to her son, the defendant. The defendant filed a bill in the county court to have this house and lot sold for partition. While that suit was pending the complainant filed the bill in the instant case, alleging that he was the sole owner of said house and lot, and seeking to enjoin the proceedings in the county court. The defendant filed a cross-bill and alleged that he owned a half interest in said house and lot by the terms of the deed, which will hereafter be set out in this opinion, and asked, if necessary, that said deed be reformed so as to give the defendant a half interest. He also sought by his cross-bill an accounting for his share of the rents.

The question to be determined is whether or not Thomason and wife owned said property as tenants by the entirety or as tenants in common. The deed was executed and delivered September 16, 1908, and is as follows:

"We, Jno. N. Brasfield and wife, Vera Brasfield, of Dresden, Weakley county, State of Tennessee, have this day bargained and sold, and by these presents, do hereby transfer and convey unto

J. R. Thomason and wife, Nora G. Thomason and their heirs and assigns, forever, for the consideration of twenty-four hundred and twenty-five ($2425) dollars cash in hand paid the receipt whereof is hereby in all things acknowledged, a certain tract or parcel of land, lying and being in the town of Dresden, Weakley county, Tennessee, bounded and described as follows: (Then follows description).

"To have and to hold the same with all the appurtenances thereunto belonging including bath tub, hot water tank in the kitchen, stationary wash stand in kitchen and lavatory in back porch and underground pipes extending out to the main pipes in case the said J. R. Thomason and wife, Nora G. Thomason, cannot purchase the right to the water works plant, the main pope (pipe) to be detached. We reserve the right in case there should spring a leak in the main pope (pipe) to go upon the premises and repair it.

"Unto the said J. R. Thomason and wife, Nora G. Thomason, in equal moiety and as tenants in common and their heirs and assigns forever.

"We do further covenant with the said J. R. Thomason and wife, Nora G. Thomason, and bind ourselves and personal representatives to warrant and forever defend the title to the above and foregoing and described parcel or lot of land unto the said J. R. Thomason and wife, Nora G. Thomason, in equal moiety, their heirs and assigns against the lawful claims of all persons whomsoever.

"In testimony whereof we have hereunto subscribed our names on this the 16th day of September, 1908. We retain possession of the above premises until the 1st day of January, 1909. J. N. Brasfield. Vera Brasfield."

The Chancellor held that these two grantors Thomason and wife took this property under the deed as tenants in common and that the complainant owned a one-half interest and the defendant a one-half interest in said house and lot.

It appears that Thomason paid rent to the defendant after the death of the defendant's mother, during the life of said husband and that he paid one-half of the taxes and the defendant paid one-half of the taxes during the life of J. R. Thomason. J. R. Thomason was a lawyer and a member of the Weakley county bar. The proof is silent as to who drafted the deed in controversy. The Chancellor ordered a sale of the property, it being admitted by both parties that it could not be divided in kind. He also held that complainant was liable to the defendant for rents from and after the death of J. R. Thomason, the father of complainant, and ordered a reference to ascertain the amount due as rents. He refused to reform the deed. The complainant excepted to the decree of the

court in holding that complainant was only entitled to a one-half interest in said lot and that he was liable for rents. He prayed and perfected an appeal to this court and has assigned five errors.

The first error assigned evidently was so done by oversight as it states that the court erred in dismissing the bill of complaint. The bill was not dismissed.

The other four assignments raise the proposition that the Chancellor was in error in holding that complainant only had a one-half interest in said lot and that the defendant and cross-complainant was entitled to recover of complainant was entitled to recover of complainant one-half of the rental value of the house and lot in question since the death of John R. Thomason.

The defendant also appealed and assigned error on the decree of the Chancellor, refusing to reform the deed, and in holding that the complainant was not estopped in denying that defendants owned a one-half interest in said property.

We are of opinion that the Chancellor reached the right conclusion and entered a proper decree in his construction of the deed in question.

In Myers v. Comer, 144 Tenn., p. 475, our Supreme Court speaking through Mr. Justice Hall, said: "To determine what estate was conveyed by deed the party's intention should be ascertained, if possible, by giving to each word its appropriate meaning and that intention should be enforced;" and in that case we find the following authorities cited with approval:

"A tenancy in common may be created by a conveyance to husband and wife, which manifests an intent that they shall hold in this manner: 'No particular form of words is necessary to make them tenants in common. It is sufficient if expressions are used which cannot be operative unless the wife is admitted to an equal present enjoyment of the estate with the husband, and which indicate an intention that her possession shall not be subservient to his exclusive control.' "

"In Tiffany on Real Property (2 Ed.), vol. 1, 646, the rule is stated as follows:

" 'While a conveyance or devise to a husband and wife will ordinarily create a tenancy by entireties, the authorities are generally to the effect that an intention clearly expressed in the instrument, that they shall take as tenants in common or as joint tenants, will be effective, the argument in favor of this view being that since, even at common law, if persons who have previously acquired joint interests become husband and wife, they do not become tenants by the entirety, there is evidently nothing in the relation of husband and wife to prevent their acquisition of property as joint tenants or tenants in common. The result of this view is that the existence of a tenancy by entireties is a question purely of

intention, though an intention on the part of the grantor to create such a tenancy is presumed, in the absence of an expression of a contrary intention. In other words, there is a rule of construction that, in case of a conveyance to husband and wife, the language prima facie means that they are to hold by the entireties.

" 'It has been held that the presumption of an intention to create a tenancy by entireties is rebutted by the fact that the conveyance is in terms of a specific fractional interest to each, and that what is in terms a conveyance to husband and wife does not make them tenants by entireties if its legal effect is merely that of a release.

"In Fulper v. Fulper, 54 N. J. Eq., 431, 34 Atl., 1063, 32 L. R. A. 701, 55 Am. St. Rep., 590, it was said that where lands are granted to husband and wife, and it appears from the words of the grant that the intent was to create a tenancy in common in them, they will take and hold as such, and not as tenants of the entirety.

"In Miner v. Brown, 133 N. Y., 308, 31 N. E., 24, it is said that whether a husband and wife take as tenants in common, or as tenants of the entirety, is to be gathered from the instrument which passes the estate to them, and where it appears from the instrument that it was the intention that they should take as tenants in common, that intention must prevail, and it is said such has been the rule from an early period in the history of the English law.

"To the same effect is the rule announced in Hunt v. Blackburn, 128 U. S., 464, 9 Sup. Ct., 125, 32 L. Ed., 488; McDermott v. French, 15 N. H. Eq., 78; Hadlock v. Gray, 104 Ind., 596, 14 N. E., 167; Dowling v. Salliotte, 83 Mich., 131, 47 N. W., 225; Baker v. Stewart, 40 Kan., 442, 19 Pac., 904, 2 L. R. A., 434, 10 Am. St. Rep., 213; Fladung v. Rose, 58 Md., 13; 4 Kent Com., 363; Preston on Estates, Vol. 1, 132.

"The cardinal rule of construction of all written instruments is to ascertain from the entire instrument the intention of the parties. Speight v. Askins, 118 Tenn., 749, 102 S. W., 74; Laurenzie v. Insurance Co., 131 Tenn., 662, 176 S. W., 1022.

"It is also the general rule governing the construction of deeds, when it is sought-to determine what estate was conveyed thereby, to ascertain the intention of the parties, if possible, by giving to each word of the deed its appropriate meaning and enforce that intention. Teague v. Sowder, 121 Tenn., 132, 114 S. W., 484."

In Dalton v. Eller, 153 Tenn., —, the opinion was also delivered by Mr. Justice Hall. At page 418 it was said: "In construing deeds intention of parties will be determined from the language of the instrument read in light of surrounding circumstances," and the following authorities were cited in support of this principal:

"It is a fundamental principal in the interpretation of deeds that the expressed intention of the parties shall govern. Beecher v.

Hicks, 7 Lea, 207; Blackburn v. Blackburn, 109 Tenn., 674, 73 S. W., 109; Savage v. Bon Air Coal, etc., Co., 2 Tenn. Ch. App., 594; Top v. White, 12 Heisk., 165; Carnes v. Apperson, 2 Sneed, 562; Grimes v. Orrand, 2 Heisk., 298.

"The courts have most wisely abandoned technical rules in the construction of conveyances in this state, and look to the intention of the instrument alone for their guide; that intention to be arrived at from the language of the instrument read in the light of the surrounding circumstances. Williams v. Williams, 16 Lea, 164; Kissom v. Nelson, 2 Heisk., 4; Posey v. James, 7 Lea, 98; McNairy v. Thompson, 1 Sneed, 142.

In Fogarty v. Stack, 86 Tenn., 610, 8 S. W., 846, the court said: " 'It is insisted for the complainants that the language "her heirs in fee-simple forever" cannot be controlled by the reservation or provision for the property to revert to the grantor contained in the first habendum (there being, as is noticed, two habendums); a provision in the habendum repugnant to the estate before granted being void.

" 'We may concede all that is contended for as to this rule of construction at common law, and it is a sufficient answer thereto to say that the rules of the common law, which looked at the granting clause and the habendum and tenendum as separate and independent portions of the deed, each with its particular function and office, have long since become obsolete in this country, and certainly in this state.

" 'The true rule is to look to the whole instrument, without reference to formal division, in order to ascertain the intention of the parties, and not to permit antique technicalities to override such intention.

" 'This is not only by legislation but by adjudication. Code (M. & V.), sections 2812-2820; 3 Wash. Real Prop., p. 438, section 61; Beecher v. Hicks, 7 Lea, 212; Hanks v. Folsom, 11 Lea, 560. In both of which cases Judge Cooper has presented the adjudged cases with his usual fullness of research, so that further discussion would seem worse than needless.'

"In Teague v. Sowder, 121 Tenn., 132, 114 S. W., 484, it was held that technical rules in the construction of conveyances have been abandoned in this state, and the intention of the instrument to be ascertained from its language read in the light of the surrounding circumstances must be followed as the guide. It was held in that case that the granting clause prevails over the habendum clause, if they are irreconcilable by the context failing to show the grantor's intention. There the granting clause of the deed conveyed land to the grantees, 'their heirs and assigns forever,' with the exception of the homestead therein for the grantor, and the habendum was to the grantees 'their lifetime and then to their heirs and

assigns fore.ver,' and it was held that the two clauses were wholly repugnant, and, not being reconcilable by aid of the context showing the grantor's intention, the granting clause creating a fee-simple estate would prevail over the subsequent habendum granting a less estate.

"In Beecher v. Hicks, supra, this court said: 'In modern times, the inclination of the court is to look to the whole of the instrument, without reference to formal divisions, in order to ascertain the intention of the parties, and not to allow technical rules to override the intent'—citing a number of cases."

We are of opinion that it was the intention of Mr. and Mrs. Thomason, the grantees in said deed, to hold said property as tenants in common. It appears that each one of these grantees had a considerable estate in their own rights prior to their marriage. Mrs. Thomason was the sister of Mr. Thomason's first wife. The complainant and defendant are first cousins. At the time of the purchase of the house and lot in controversy each grantee paid one-half of the consideration, the entire consideration being in cash.

It results that we find no error in the decree of the Chancellor. All of the assignments of error presented by both complainant and defendant are overruled and disallowed, the judgment of the lower court is in all things affirmed. The cause is remanded to the chancery court of Weakley county for the purpose of carrying out the decree of that court. The complainant will pay two-thirds of the cost of the appeal and the defendant will pay one-third of the cost of the appeal.

The costs in the lower court will be paid as decreed by the Chancellor.

Heiskell and Senter, JJ., concur.