FOGARTY *v.* STACK.

(*Jackson.* May 17th, 1888.)

DEED. *Construction. Effect of repugnant clauses. Power of disposition.*

Husband conveyed land to wife "and her heirs in fee-simple forever." The *habendum* clause of the deed limited it to her separate use, "with power to sell, and by deed made and executed jointly with her husband, convey the land, and vest the proceeds in other property, to be held" as the property therein conveyed. It also provided that, if the husband survived, the land should revert to him in fee-simple. The husband survived.

*Held:*

1. That the clause in the *habendum* providing for reversion of the land to the husband, though repugnant to the fee-simple estate previously granted to the wife, controls, as being in accord with the intention of the grantor. Intention, as gathered from the entire instrument, without reference to its formal divisions, governs.

Code cited: §§ 2812–2820 (M. & V.) ; §§ 2006–2013 (T. & S.).

Cases cited and approved: Beecher *v.* Hicks, 7 Lea, 212; Hanks *v.* Folsom, 11 Lea, 560.

2. That a restricted, not an absolute, power of disposition is given to the wife.

Cases cited and approved: Deadrick *v.* Armour, 10 Hum., 596; McGavock *v.* Pugsley, 12 Heis., 689.

Cited and distinguished: Pooley *v.* Webb., 3 Cold., 599.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. R. J. MORGAN, Sp. Ch.

W. G. WEATHERFORD for Fogarty.

METCALF & WALKER and GANTT & PATTERSON . for Stack.

FOLKES, J. The only question in this case is as to the proper construction of a deed made by Defendant Ed. Stack to his wife Margaret.

The language of the deed is as follows—so much of it as is necessary to be quoted: "Hath given, granted, bargained, sold, and conveyed, and by these presents doth give, bargain, grant, sell, and convey unto the party of the second part and her heirs, in fee-simple forever, a certain lot," etc., describing it.

"To have and to hold said lot of land for the sole and separate use and benefit of the said second party, free from the debts, liabilities, and control of her present or any future husband, with power to sell, and, by deed made and executed jointly with her husband, convey the said lot of land, and vest the proceeds in other property, to be held for the same sole and separate use as the property herein conveyed. Should said second party die in the life-time of said first party, then said lot of land is to revert to him in fee-simple.

"To have and to hold the above-described land and premises, together with all and singular the rights and privileges, buildings, improvements, and appurtenances of, in, or to the same belonging or in anywise appertaining, unto the party of the second part and her heirs forever."

The wife died without issue and without having

disposed of the property, leaving the husband surviving.

Nieces and nephews of the wife, as her heirs at law, now file this bill to recover the property from the husband.

It is insisted for the complainants that the language "her heirs in fee-simple forever" cannot be controlled by the reservation or provision for the property to revert to the grantor contained in the first *habendum* (there being, as is noticed, two *habendums*), a provision in the *habendum* repugnant to the estate before granted being void.

We may concede all that is contended for as to this rule of construction at common law, and it is a sufficient answer thereto to say that the rules of the common law, which looked at the granting clause and the *habendum* and *tenendum* as separate and independent portions of the deed, each with its particular function and office, have long since become obsolete in this country, and certainly in this State.

The true rule is to look to the whole instrument, without reference to formal divisions, in order to ascertain the intention of the parties, and not to permit antique technicalities to override such intention.

This is so not only by legislation but by adjudication. Code (M. & V.), §§ 2812–2820; 3 Wash. Real Prop., p. 438, § 61; *Beecher* v. *Hicks*, 7 Lea, 212; *Hanks* v. *Folsom*, 11 Lea, 560. In both of which cases Judge Cooper has presented the ad-

judged cases with his usual fullness of research, so that further discussion would seem worse than needless.

While the rule is that where an estate is given in *fee* or for *life*, with an unrestricted power of disposition, a limitation over is void, still, even under this rule, it is manifest that Mrs. Stack did not take an absolute estate of inheritance. She had only a qualified power of sale, to be exercised only during her husband's life, and with his consent, expressed by joining in the deed, and limited as to purpose also, being for re-investment only. *Deaderick* v. *Armour*, 10 Hum., 596; *McGavock* v. *Pugsley*, 12 Heis., 689.

It is clear that the husband is entitled to the property upon the death of the wife. Such is manifestly the intention of the parties, and we can reach such intention without contravening any rules of law.

The wife had not an absolute but only a conditional fee, liable to be defeated by her death before her husband, with the property undisposed of.

There is nothing in *Pooley* v. *Webb*, 3 Cold., 599, contrary to the conclusions here reached.

Let the decree of the Chancellor be affirmed.