LOCKETT *et al. v.* THOMAS *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed November 7, 1942.

BURROW & BURROW, of Bristol, for appellants.

GEORGE F. DUGGER and J. MALCOLM SHULL, both of Elizabethton, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This case involves the title to a house and lot in Bristol, Tennessee, known as the "Log House Apartment."

The complainants, Robert Smith Lockett and Mary Crandall Lockett, who are brother and sister, aver in their bill herein that they are the owners each of an undivided one-half remainder interest in the property in question; also Mrs. Hattie Stewart claiming a one-half undivided life estate therein. The defendants are the administrators of the estate of John D. Thomas, deceased, who purchased the property at a trustee's sale under a deed of trust executed by Flora S. Lockett and husband, James P. Lockett.

Fred Dulaney and wife, on May 14, 1919, conveyed by deed the lot in question to James P. Lockett and wife, Flora S. Lockett. By deed of date June 28, 1920, James P. Lockett and wife conveyed said lot to Robert T. Smith, father of Flora S. Lockett. Complainants claim under this deed. The pertinent parts of this deed are that James P. Lockett and Flora S. Lockett "have this day bargained and sold and do hereby grant and convey

unto the party of the second part that certain tract, or parcel of land, (follows a description of the property).

"To have and to hold said property with all rights, privileges and appurtenances thereon thereunto in anywise belonging unto the party of the second part in fee simple, provided however, should the said Robert T. Smith not dispose of said property during his life time and die seized and possessed thereof, then the fee simple title shall pass and vest in Flora Smith Lockett, the daughter of the said Robert T. Smith, if living, and if not then living, the title thereto shall pass and vest in Robert Smith Lockett, the son of Flora Smith Lockett and grandson of the said Robert T. Smith."

Robert T. Smith, the grantee in the above deed, died on December 4, 1932, leaving a last will and testament by the terms of which he devised all of his real estate wheresoever located to his daughter, Mrs. Flora S. Lockett, and his sister-in-law, Mrs. Hattie Stewart, for and during their lives with remainder to his grandchildren, Robert Smith Lockett and Mary Crandall Lockett, children of Mrs. Flora S. Lockett, and complainants herein.

Defendants moved to dismiss the bill, and treating the motion to dismiss as a demurrer, the chancellor sustained the same and dismissed the bill. Complainants have appealed to this court and assigned errors.

It is averred in the bill that in 1934 James P. Lockett and Flora S. Lockett conceiving themselves to be the owners of the Log House Apartment, gave a deed of trust thereon to secure an indebtedness of $4,000 to the late John D. Thomas, and in 1936 executed another trust deed on this property to secure the Dominion National Bank of Bristol, Virginia, in the sum of $2,500. It is further averred, "that both of said deeds of trust are ineffectual, null and void for the reason that at the time

each was executed the title to said property was not in the parties, or either of them, who executed the deeds of trust.'' It appears from the bill that at the foreclosure sale had under the first deed of trust to secure the Thomas note of $4,000, the administrators of the estate of John D. Thomas became the purchasers of the property. It further appears that the administrators sold and conveyed the property to defendant W. H. Thomas. It is charged that the deed from the trustee to the administrators, and the deed of the administrators to W. H. Thomas, conveyed no title and constituted clouds upon the title of complainants.

It is the theory of complainants that the limitation over to Flora S. Lockett contained in the deed from James P. Lockett and Flora S. Lockett to Robert T. Smith, of date June 28, 1920, is void because Robert T. Smith took a fee-simple estate under the deed, with power of disposition, and this estate could not be cut to a life estate by the *habendum.* It is the further theory of complainants that Robert T. Smith did dispose of the property in question by will executed by him.

The technical rules of the common law as to the division of deeds into formal parts have long since been disregarded in this State, and the rule is that all parts of the deed shall be examined together for the purpose of ascertaining the intention. In *Pryor* v. *Richardson,* 162 Tenn., 346, 37 S. W. (2d), 114, this court held that in the construction of deeds the intention of the grantor is ascertained by consideration of the entire instrument of conveyance and no preference is given the premises over the *habendum,* and that the estate granted in the premises of the deed may be enlarged or lessened in the *habendum.* Many of our cases are cited in the opinion in support of these holdings.

Section 7597 of the Code declares that every grant or devise of land passes the estate in fee "unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument."

Giving effect to Code, section 7597, this court has held that in determining what estates the grantor intended to convey, the deed as a whole is to be considered and the intention of the grantor gathered by giving all the words used their appropriate meaning. *Nashville, etc., R.* v. *Bell,* 162 Tenn., 661, 39 S. W. (2d), 1026.

In *Fogarty* v. *Stack,* 86 Tenn., 610, 8 S. W. 846, the husband conveyed land to his wife, "and her heirs, in fee-simple, forever." The *habendum* clause of the deed limited it to her separate use "with power to sell, and by deed made and executed jointly with her husband, convey the said lot of land, and vest the proceeds in other property, to be held for the same sole and separate use as the property herein conveyed." It was also provided that if the husband should survive, the land should revert to heirs in fee simple. The husband survived. It was held that the clause in the *habendum* providing for reversion of the land to the husband, though repugnant to the fee-simple estate previously granted to the wife, controlled as being in accord with the intention of the grantor. This intention being gathered from the entire instrument, without reference to its formal divisions governed; that a restricted, not an absolute power of disposition was given the wife. This case stands unimpaired by any subsequent decision of this court.

■ The granting clause in the deed here in question was, "do hereby grant and convey unto the party of the second part that certain tract," etc. The *habendum* clause defines the estate granted as "in fee simple," with

the immediate qualification "provided, however, should the said Robert T. Smith not dispose of said property during his life time and die seized and possessed thereof, then the fee simple title shall pass and vest in Flora Smith Lockett, the daughter of said Robert T. Smith, if living, . . . ." She did survive Robert T. Smith and, therefore, under the plain language of the deed took title to the lot in fee simple.

Complainants rely on the rule laid down in *Bradley* v. *Carnes,* 94 Tenn., 27, 27 S. W., 1007, 45 Am. St. Rep., 696, that "If the first taker is given an estate in fee or for life, coupled with an unlimited power of disposition, the fee or absolute estate vests in the first taker, and the limitation over is void." Robert T. Smith, however, did not possess an unlimited power of disposition. The power conferred was restricted to disposition "during his life." If he died seized and possessed of the property, then the title in fee simple passed to Flora Smith Lockett, if living.

It is contended for complainants that Robert T. Smith did dispose of the property during his life, because he executed a will devising the property here in question. Section 8133 of the Code is invoked. That section is as follows: "A will shall be construed, in reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator; and shall convey all the real estate belonging to him, or in which he had any interest at his decease, unless a contrary intention appear by its words and context."

The above section of the Code cannot be construed to mean that a will passes title to the property devised or bequeathed prior to the death of the testator. The statute means that as to the property comprised in the will, it

is to take effect as if executed immediately before death, unless a contrary intention appears.

We have given careful consideration to the briefs and arguments of counsel and our conclusion is that Flora Smith Lockett took title in fee to the lot in question, under the deed to Robert T. Smith and, hence, the trust deeds executed by her on the property were valid. The decree of the chancellor is affirmed. Complainants will pay the costs of the appeal.