DELLA LANGHAM BENNETT et al.

*v.*

MINNIE MAY LANGHAM.

383 S.W.2d 16.

(*Nashville,* December Term, 1963.)

Opinion filed October 9, 1964.

HENRY & HENRY, Pulaski, for appellant.

ROBERT H. GAY, Lawrenceburg, for appellees.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The complainants' Della Langham Bennett and others, filed a bill *quia timet* seeking to obtain the court's construction of a deed given by their father to the defendant, Minnie Langham, his fourth wife. The deed purported to convey some property owned by complainants' father to the defendant. There is no conflict over the fact that a conveyance was made; the conflict arises as to how much of an estate was given to the defendant.

The deed was a regular printed form with the words "a life estate" inserted in the granting clause so that it read:

"* * * have bargained and sold, and by these presents do transfer and convey a *life estate* unto the said Minnie May Langham * * *"

Following these words there is the usual description and then the following is typed into the face of the deed:

"It is the purpose and intent of this conveyance to make this property as if we had jointly bought it during our marriage."

It is contended on behalf of the complainant that the intention of the grantor was to convey only a life estate to his wife. The defendant, on the other hand, insists that the language following the description sufficiently modifies the express mention of a life estate in the granting clause to make the estate conveyed a fee simple held by husband and wife as tenants by the entirety. This construction, the defendant alleges, is supported by the fact that the habendum and covenant clauses are regular in form and also purport to convey a fee simple.

The deed is signed by the mark of the grantor indicating that he was not a man of letters, and there is no indication in the record that he had employed an attorney to draft the instrument.

We, therefore, are confronted with a deed presumably drawn by the grantor and one not learned in the law or experienced in the form and formalities of such an instrument. It is the duty of this Court in such cases to ascertain the intent of the grantor and to give effect to it once found.

It is an established rule of law in this, and most other jurisdictions, that the intention of the grantor is to be determined from the four corners of the instrument if possible. If, from an attempt to do this, an irreconcilable conflict arises because of contradictions within the deed other means must be employed to ascertain the correct interpretation to be placed upon it.

Here we are confronted with such a conflict. In the granting clause there is expressly granted a life estate

to the wife. Subsequent wording as well as the habendum and covenant clauses would tend to support the granting of a fee simple title. The Chancellor in the court below was of the opinion that the instrument, in its fairest interpretation, conveyed a fee simple through the vehicle of a tenancy by the entirety. A survey of the Tennessee cases dealing with this subject will show the evolution of the present rule in this State.

In 1908 the case of *Teague v. Sowder*, 121 Tenn. 132, 114 S.W. 484, was decided. In that decision the court set down the cornerstone of our modern rule of deed interpretation. There it was said that in this State we have abandoned the technical rules of construction of the deeds and allowed the intention of the drafter to become the primary guide. Mere formal divisions of the instrument are not to be adhered to in order that the intention of the drafter may be more readily ascertainable. Finally, in cases of irreconcilable conflict this case held that the premises, or first part of the deed, would prevail over the latter parts thereof, such as the habendum or covenant clauses.

The necessity of giving the instrument in question an interpretation most consistent with the intention of the grantor was reasserted in *Nashville, C. & St. L. Ry. v. Bell*, 162 Tenn. 661, 39 S.W.2d 1026, where the court added that the words of the deed in question were to be given their appropriate meaning.

A deed was declared to be a contract and treated as such in which the intention of the parties was to be gathered from the language used by them in connection with the surrounding circumstances. *Trapp v. McCormick*, 175 Tenn. 1, 130 S.W.2d 122. This was in line with

the modern progression of case law on this subject at that time, and this case set up a base for the later Tennessee progressions.

The rule of the Trapp case, supra, was reaffirmed almost ten years later in the case of *Thompson v. Turner,* 186 Tenn. 241, 209 S.W.2d 25.

In *Quarles v. Arthur,* 33 Tenn.App. 291, 231 S.W.2d 589, the conveyance was to, ''S. E. Quarles to her her lifetime then to her heirs of her body''. In the habendum clause there was this wording: ''[T]o have and to hold the same to the said S. E. Quarles her and her heirs and assigns''. It was conceded that the granting clause, after the statutory abolition of the Rule in Shelley's case in Tennessee, created a life estate in the grantee and a remainder in the heirs of her body, living at the time of her death. It was claimed, however, that the conflict in wording between the granting and habendum clauses manifested an intent on the part of the grantor to convey a fee simple title.

The court, in sustaining a construction favoring a life estate with a remainder to the heirs of her body, held against that the courts should adopt a construction consistent with all of the wording of the grantor in the deed. It should not be assumed that the grantor intended to contradict himself and the court should lean to a construction which avoids such a contradiction. Notwithstanding this, the overriding purpose of the court is to make paramount the intention of the grantor in all instances, and this was to be done without recourse to the formal rules of construction, if possible. This decision was in line with that of *Lockett v. Thomas,* 179 Tenn. 240, 165 S.W.2d 375, in which a life estate granted in

the habendum was given precedence over a fee given in the premises on the basis of reading the whole document without regard to the common law rules of construction.

As noted in the opinion in the Quarles case, supra, there seemed to be two lines of cases in Tennessee dealing with deed interpretation. Both espoused a reading of the entire document without regard to technical wording in order to get at the intent of the grantor, but they differed on the construction devises to be used in case of a conflict on the face of the instrument. Those in line with *Lockett v. Thomas,* supra, and *McCord v. Ransom,* 185 Tenn. 677, 207 S.W.2d 581; seemed to say that no preference was to be given one part of clause of the deed over the other. On the other hand, the cases following *Teague v. Sowder,* supra, held that in case of conflict the granting clause prevailed.

Beneath this apparent inconsistency can be noted a similarity in all of these cases. In each instance the Court was striving to determine the intention of the grantor, but in some of the cases the intention was elusive. The common law rules of construction seem to have been relied upon simply as a last ditch method of the court to keep the deed from being a waste of efforts. Of course what constituted an irreconcilable conflict so that the old common law rules had to be used varied, as it must, with the facts of each case as seen by each court called upon to view them.

In *Nashville Ry. v. Bell,* supra, the Court suggested that the surrounding circumstances should be viewed by the reviewing court. This view was further developed in *Hutchison v. Board,* 194 Tenn. 223, 250 S.W.2d 82. There the Court took particular notice, as did the lower

court therein, of the fact that the drafter of the instrument in question was not learned in the law. This was set out as one of the facts the court ought to consider in the interpretation of a deed, along with the lack of knowledge of the drawing parties of the meaning of technical language.

■■ Three Court of Appeals cases, in which certiorari was denied by this Court, have set forth the modern Tennessee rule of deed construction. This rule is that in construing a deed the court is concerned only with the intention of the grantor as gathered from the language and the surrounding circumstances. In arriving at this intention from conflicting or repugnant clauses, technical rules such as the division of the deed into formal parts will not prevail against the parties. Technical wording will also be construed, not in accordance with its literal meaning absolutely, but in conformity with the intention of the drafter. *Thornton v. Thornton,* 39 Tenn.App. 225, 282 S.W.2d 361; *Southern Railway Co. v. Griffitts,* 42 Tenn.App. 494, 304 S.W.2d 508; *Gregory v. Alexander,* 51 Tenn.App. 307, 367 S.W.2d 292.

■ The above mentioned rule is correct, but where the deed is so confused and contradictory in its wording, and where the surrounding circumstances shed no light upon the intent of the grantor, then the courts must, as a last resort, rely upon the common law rule which places precedence upon the premises over the habendum clause.

In the case before us, the grantor, not a man of letters drew up a deed with one on whose legal qualifications the record is silent. Thus we may assume that the deed

in question was drawn by two people who did not possess any great degree of legal training.

In the granting clause we see the specific mention of the grant of a life estate. Later, after the description of the property, there is a statement expressing the desire of the grantor to have the property held as if jointly bought during the marriage.

Of all the technical words creating an estate, those creating a life estate are the most easily understood. Certainly they are more easily understood by a layman than the terms tenancy by the entirety, joint tenancy, fee-tail, etc. Therefore it is reasonable to assume that the import of the words life estate were understood by the grantor more so than the legal phrasing in the habendum and covenant clauses and the legal significance of the sentence following the description which, it is contended, creates a tenancy by the entirety. It is doubtful that the grantor ever heard of such an estate.

The habendum and covenant clauses of the deed are in their regular form. It is also reasonable to assume that the drafter of the instrument did not know that there was any required variance from the printed form of the habendum and covenant clauses required for the granting of a life estate.

After viewing the facts of this case in the light of the Tennessee rule of deed interpretation, we are of the opinion that the deed itself, when read in the light of the surrounding circumstances and viewed as a whole, conveys a life estate to the defendant with a remainder to the children of the grantor by the laws of intestacy.

The decision of the Chancellor below is reversed and judgment is hereby entered for the complainants.