IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SUSAN RENEE WRIGHT WILLIAMSON, | ) | C/A NO. 03A01-9602-DR-00073 |
| | ) | |
| Plaintiff-Appellant, | ) | BLOUNT GENERAL SESSIONS |
| | ) | |
| v. | ) | HON. WILLIAM R. BREWER, JR., |
| | ) | JUDGE |
| JOHN HOUSTON WILLIAMSON, | ) | |
| | ) | MODIFIED AND |
| Defendant-Appellee. | ) | REMANDED |

PERRY P. PAINE, JR., PAINE, GARRETT & BRAY, Maryville, for
Plaintiff-Appellant.

JERRY G. CUNNINGHAM, KIZER & BLACK, Maryville, for Defendant-
Appellee.

**O P I N I O N**

Franks. J.

In this divorce action the Trial Court awarded ?to
each party an absolute divorce from the other on the grounds
of inappropriate marital conduct.? The Court awarded the
custody of the parties' two minor children to the mother,
ordered the father to pay child support based upon the
guidelines, and in dividing the parties' marital estate

concluded that their home was a gift from the husband's parents to him alone, and therefore separate property. From this latter determination, the wife has appealed.

The Trial Court found:

> The parties, at the time of their marriage, lived in a residence titled to the Defendant's father. The parties paid no rent and no property taxes on the residence throughout their marriage. Approximately two (2) years ago the Defendant's father caused the residence to be titled to the parties . . . It is the plaintiff's contention that the residence was a gift to both the parties and therefore an equitable division of the residence should be an equal one. It is the Defendant's contention that the residence was a gift only to the Defendant and that the Plaintiff is not entitled to any share of the residence. The Court finds that the proof on this issue preponderates in favor of the Defendant.

We conclude the evidence preponderates against this finding of fact. T.R.A.P. Rule 13(d).

The husband's parents, by warranty deed, deeded the property to the husband and wife as tenants by the entirety, the deed reciting the standard consideration of $1.00 and other good and valuable consideration. The husband's father testified that he placed the wife's name on the deed ?as a matter of convenience?, explaining the purpose was to enable the parties to borrow money and for insurance purposes, and further explained that he didn't want her to have any of the property because of ?the way she done, the life she lived?, which he said he became aware of after he deeded the property.

The record establishes that while the parties did not pay any monies for the property or pay taxes, they have expended monies improving the property. T.C.A. §36-4-121 defines ?marital property? as ?all real and personal property, both tangible and intangible, acquired by either or both

2

spouses during the course of the marriage . . .? (1)(A). Separate property is defined in pertinent part as ?property acquired by a spouse at any time by gift, bequest, devise, or descent? (2)(D).

The acquisition of this property was by gift. However, the gift was to ?both spouses during the course of the marriage?. Unless a deed is ambiguous, the intention of the grantor is to be determined from the four corners of his deed, *Bennett v. Langham*, 214 Tenn. 674, 383 S.W.2d 16 (1964). The record establishes no basis to construe the deed as its clear terms establish a conveyance of the home to both parties. Taking into account relevant circumstnaces set forth in T.C.A. §36-4-121, C1-10, we find that as a matter of equity, this marital property should be equally divided between the parties. If the parties cannot otherwise agree, the property will be sold and the proceeds will be divided between the parties.

We remand to the Trial Court to enter an order modifying the judgment in accordance with this opinion. The costs of the appeal are assessed to appellee.

_____
Herschel P. Franks, J.

CONCUR:

_____

3

Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.

IN THE COURT OF APPEALS OF TENNESSEE

SUSAN RENEE WRIGHT WILLIAMSON,) C/A NO. 03A01-9602-DR-00073
                               ) BLOUNT CO. GENERAL SESSIONS
COURT
          Plaintiff-Appellant,)
                               )
                               )
                               )
v.                             )
                               )
                               )
                               )
                               )
JOHN HOUSTON WILLIAMSON,       )
                               ) HONORABLE WILLIAM R. BREWER,
JR.,
          Defendant-Appellee. ) JUDGE

FILED

October 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

CONCURRING OPINION

          I agree wholeheartedly with Judge Franks' opinion.

I concur that the evidence preponderates against the trial

4

court's determination that the deed in this case "was a gift only to the [husband]." On the contrary, the evidence clearly preponderates in favor of a finding that the conveyance was a gift to both parties. Furthermore, it seems clear to me that the deeded property is marital property. I believe it is equitable in this case to divide this property equally. I write separately to explain why I do not believe this gift is a "gift" as defined in T.C.A. § 36-4-121(b)(2)(D) but rather marital property under T.C.A. § 36-4-121(b)(1)(A).

It seems to me that once it is determined that this is a joint gift to the parties, one must go further and ask this question: does this conveyance, being a warranty deed creating a tenancy by the entirety, represent a gift to each spouse of an undivided fifty percent interest in real property and should those interests be considered separate property under T.C.A. § 36-4-121(b)(2)(D); or should the property conveyed be treated as marital property under T.C.A. § 36-4-121(b)(1)(A)?

In this case, we have found that this asset should be divided equally so the result here would be the same regardless of how the above question is answered; however, in some cases, the answer to this question would be critical. For example, this would be true in those cases where the court determines that the marital estate should be divided in an unequal manner.

Turning to the question posed above, it must be recognized that this conveyance to husband and wife does not create an undivided fifty percent interest in each party as would be the case with property held as tenants in common. In the instant case, the deed creates a tenancy by the entirety, a joint interest with right of survivorship--an expectancy.

5

Generally speaking, this latter concept is at odds with the general concept of separate property, i.e., property owned unconditionally by one party. This militates against a finding that the subject property interests are separate property.

Since this was a gift, does this fact mandate the conclusion that the respective interests of the parties are interests that fall within the ambit of the "gift" section of the separate property definition at T.C.A. § 36-4-121(b)(2)(D)? I think not. In fact, I believe a gift made jointly to a married couple clearly falls without, rather than within, the definition of separate property set forth at T.C.A. § 36-4-121(b)(2)(D), i.e., "[p]roperty acquired by *a spouse* at any time by gift, bequest, devise or descent." (Emphasis added). I believe the sole type of gift referred to in T.C.A. § 36-4-121(b)(2)(D) is a gift to an *individual* spouse. Since the gift in this case is a gift to husband and wife *jointly*, I do not find that it falls within the definition of separate property. Inasmuch as the property came to the parties through a joint conveyance during their marriage, I agree with Judge Franks that it is properly classified as property "acquired by . . . both spouses during the course of the marriage," and hence marital property under T.C.A. § 36-4-121(b)(1)(A).

_____
                                       Charles D. Susano, Jr., J.

6