IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 25, 2000 Session

## TERESA P. CONSTANTINO AND LILA MAE WILLIAMS v. CHARLIE W. WILLIAMS AND GLENDA E. WILLIAMS.

**An Appeal as of Right from the Chancery Court for Weakley County**
**No. 15095     W. Michael Maloan, Chancellor**

———————————

**No. W1999-00229-COA-R3-CV - Filed January 30, 2001**

———————————

This case involves the interpretation of a deed. The granting clause of the deed created a life estate in the grantee, the ex-husband of the grantor, with a remainder to the three children of the grantee and grantor. However, the habendum clause retained a life estate in the grantor. The trial court decided that the grantor did not retain a life estate because any ambiguity in the deed should be construed strictly against the grantor. The grantor appealed to this Court. We reverse.

**Tenn.R.App.P. 3; Judgment of the Chancery Court Reversed and Remanded**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Hunter B. Whitesell and John Bell Whitesell, Fulton, Kentucky, for the appellant, Lila Mae Williams.

Pamela S. Jones, Dresden, Tennessee, for the appellees, Charlie W. Williams and Glenda E. Williams.

### OPINION

This case involves the interpretation of a deed transferring real property. The grantor, Lila Mae Williams ("Lila") and her husband, Harold Williams ("Harold"), were married on February 22, 1945. During their marriage, they had three children, Charles Williams, Winston Williams, and Teresa Constantino. On October 25, 1972, Lila and Harold were divorced. The marital property to be divided under the divorce decree included several tracts of land located in Weakley County, Tennessee. The divorce decree awarded this real property to Lila.

In a deed dated December 19, 1975, Lila conveyed the Weakley County property to Harold for life. The granting, or premises, clause of the deed states:

> I, LILA WILLIAMS, an unmarried person, do hereby sell, transfer, and convey to my former husband, HAROLD WILLIAMS, the hereinafter tracts of land, for and during his natural life and the remainder interest therein I hereby sell, transfer and convey, to my three children, CHARLIE W. WILLIAMS, WINSTON H. WILLIAMS, and TERESA P. CONSTANTINO.

The deed also contains a habendum clause that states:

> TO HAVE AND TO HOLD the premises aforesaid unto the said, LILA WILLIAMS, for and during her natural life, with the remainder in such tracts of land to, CHARLIE W. WILLIAMS, WINSTON H. WILLIAMS, and TERESA P. CONSTANTINO, their heirs and assigns forever.

Harold Williams died in 1983. Following his death, daughter Teresa Constantino ("Teresa") agreed to convey her interest in the Weakley County property to her brother, Charles W. Williams ("Charlie"), for $5,000. Teresa executed a quitclaim deed on July 31, 1989, conveying her interest to Charlie, and the deed was recorded several years later on March 18, 1997. The other son, Winston H. Williams, died intestate in 1995, leaving his widow, Glenda E. Williams ("Glenda"), and four children. On March 27, 1997, Charlie and Glenda executed and recorded a warranty deed conveying the Weakley County property to themselves as tenants in common.

The action that is the subject of this appeal began when Teresa Constantino filed a lawsuit in the Weakley County Chancery Court on April 29, 1997, seeking to set aside the quitclaim deed conveying her interest to Charlie, as well as the warranty deed creating a tenancy in common as to Charlie and Glenda. Teresa named Charlie Williams and Glenda Williams as defendants in the lawsuit. Teresa alleged in the Complaint that Charlie never paid her the $5,000 consideration for her one-third interest. Defendants Charlie Williams and Glenda Williams denied this allegation, asserting that Charlie had paid Teresa the $5,000 consideration in cash.

On October 7, 1998, Lila Williams (now Lila Williams Norris) filed a motion to intervene in the suit. In her motion to intervene, Lila asserted that she had a life estate interest in the property under the December 1975 deed. On October 14, 1998, the trial court granted her motion to intervene. On October 19, Lila petitioned the trial court to "determine judicially that she does have a life estate in said property." Defendants Charlie Williams and Glenda Williams responded that Lila did not retain a life estate because the deed's granting clause conveyed a fee simple interest to her three children upon Harold's death, and that that interest could not be diminished by the habendum clause.

After an evidentiary hearing, the trial court issued an Order on June 28, 1999. The trial court first found that Plaintiff Teresa Constantino had not carried her burden of proving that Defendant Charlie Williams failed to pay the consideration for Teresa's interest in the property. The trial court then found that the deed from Lila Williams to her ex-husband and their three children created a life estate only in Harold Williams, and that Lila did not hold a life estate interest in the property:

> Regarding the claim of Intervenor Lila Williams and whether she retains a life estate in the real property evidenced by Warranty Deed dated December 19, 1975 . . . the court finds that the language in the deed is to be construed more strictly against the grantor Lila Williams. The court further finds that the said Warranty Deed created a life estate only in Harold Williams, and that Lila Williams did not retain any interest in the Warranty deed dated December 19, 1975 . . . .

The trial court did not set forth any findings of fact supporting the conclusion that Lila did not retain a life estate. From this order, Lila Williams now appeals.

On appeal, Lila argues that the trial judge erred in finding that she did not retain a life estate in the property. It must be noted that the record in this case includes no transcript or statement of the evidence. The Defendant/Appellees Charlie Williams and Glenda Williams argue that the trial court's decision was a finding of fact. If so, then our review of the trial court's decision is quite limited. "In the absence of a transcript, we must assume that 'the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings.'" *Word v. Word*, 937 S.W.2d 931, 932 (Tenn Ct. App. 1996) (quoting *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)). If, however, the trial court's ruling was based on its interpretation of the deed, this would present a question of law. *See City of Memphis v. Waite*, 102 Tenn. 274, 277, 52 S.W. 161, 162 (Tenn. 1899); *Brown v. Brown*, 320 S.W.2d 721, 728 (Tenn. Ct. App. 1958). In reviewing a question of law, the scope of review on appeal is *de novo*, with no presumption of correctness in the trial court's decision. *See State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997); *Ridings v. Ralph M. Parsons Co.,* 914 S.W.2d 79, 80 (Tenn. 1996).

In their brief on appeal, Defendants Charlie Williams and Glenda Williams argue that the trial judge found that Lila's name was in the habendum clause by mistake. However, the Defendants can point to nothing in the record that bears out this assertion. As noted above, there is no transcript or statement of the evidence. In addition, the trial court's order indicates that the trial court's conclusion was based on interpretation of the language used in the deed, since the trial court alluded to the principle that "the language in the deed is to be construed more strictly against the grantor. . . ." Under the circumstances, we must conclude that the trial court's holding was based on its interpretation of the language in the deed. This is a question of law that is reviewed *de novo* on appeal. *See City of Memphis v. Waite*, 525 S.W. at 162; *Brown*, 320 S.W.2d at 728 (interpretation of a deed is a question of law); *State v. Levandowski*, 955 S.W.2d at 604 (review on appeal of a question of law is *de novo* with no presumption of correctness).

It is well-settled in Tennessee that, in interpreting a deed, a court should use its best effort to give effect to the intentions of the grantor as evidenced by the entire deed. *See Hall v. Hall*, 604 S.W.2d 851, 854 (Tenn. 1980) (quoting *Collins v. Smithson*, 585 S.W.2d 598 (Tenn. 1979)); *Bennett v. Langham*, 383 S.W.2d 16, 18 (Tenn. 1964); *Moore v. Stanfill*, 313 S.W.2d 486, 490 (Tenn. Ct. App. 1957). The formalistic, common law practice of dividing deeds into separate parts for analysis is no longer followed. *Lockett v. Thomas*, 165 S.W.2d 375, 376 (Tenn. 1942). "[I]n the construction of deeds the intention of the grantor is ascertained by consideration of the entire instrument of conveyance and no preference is given the premises over habendum, and . . . the estate granted in the premises of the deed may be enlarged or lessened in the habendum." *Id.* (citing *Pryor v. Richardson*, 162 Tenn. 346, 37 S.W.2d 114 (Tenn. 1931)).

In *Bennett*, the Tennessee Supreme Court stated that the common law rule of deed interpretation, which "places precedence upon the premises over the habendum clause," should be used only as a "last resort" if the language of the deed is "so confused and contradictory in its wording . . . [that it sheds] no light upon the intent of the grantor . . . ." *Bennett*, 383 S.W.2d at 20. Further, the Court stated that "[i]t should not be assumed that the grantor intended to contradict himself and the court should lean to a construction which avoids such a contradiction." *Id.* at 19 (discussing *Quarles v. Arthur*, 231 S.W.2d 589, 590 (Tenn. Ct. App. 1950)). In *Bennett*, the grantor conveyed a life estate to his wife in the granting clause, but later used language describing a fee simple estate in himself and his wife as tenants by the entirety. *Id.* at 18. The Court applied the common law rule giving precedence to the premises clause because the language in the different parts of the deed conflicted, and the Court believed that the language in the premises clause was more easily understood by the grantor, who was not educated in the law. *Id.* at 20. This common law rule has been applied in other cases in which the habendum clause could not be reconciled with the granting clause. *See, e.g., Moore v. Stanfill,* 313 S.W.2d 486, 487-88 (Tenn. Ct. App. 1957) (involving a deed where the granting clause conveyed a fee simple title and the habendum clause included conditions that, if they occurred, would convert the interest into a life estate); *Quarles v. Arthur*, 231 S.W.2d 589, 590 (Tenn. Ct. App. 1950) (involving a deed where the granting clause conveyed a life estate and the habendum a fee simple title).

Therefore, in this case, the December 19, 1975 deed should be construed by considering the entire instrument, and "leaning" toward a construction that avoids assuming that the grantor, Lila Williams, contradicted herself. *Bennett*, 383 S.W.2d at 19. The common law rule placing precedence on the premises clause should be utilized "as a last resort." *Id.* at 20.

In the 1975 deed at issue in this appeal, the granting clause and the habendum clause are not irreconcilable. The granting clause conveys a life estate to Harold Williams; the habendum clause retains a separate life estate in Lila Williams. The habendum clause does not change the nature of Harold Williams' life estate, but merely describes another, simultaneous life estate retained by Lila Williams. Under these circumstances, the remainder interests of their children would become possessory upon the deaths of both Harold and Lila.

The grant of a life estate to Lila in the habendum clause may have been a mistake, as the Defendants assert. However, there is nothing in the record before this Court to support this assertion. From examination of the entire deed, and leaning toward a construction that avoids assuming that the grantor, Lila Williams, contradicted herself, we hold that the December 19, 1975 deed must be construed to retain a life estate in Lila Williams, in addition to granting a life estate to Harold Williams. Therefore, the decision of the trial court on this issue is reversed.

The decision of the trial court is reversed, and the cause is remanded for further proceedings consistent with this Opinion. Costs are taxed against Appellees Charlie W. Williams and Glenda E. Williams, and their surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE