Sam H. Roberts, Appellant,

*v.*

Mable R. Hale, Appellee.

393 S.W.2d 155.

(*Nashville,* December Term, 1964.)

Opinion filed August 3, 1965.

Marshall E. Duggin, Woodbury, for appellant.

Cummings & Melton, Woodbury, for appellee.

Mr. Justice White delivered the opinion of the Court.

Sam H. Roberts filed his bill to quiet title to a seventy-five acre tract of land located in Cannon County, Tennessee. He claims title in fee simple to said land by virtue of a warranty deed executed to him by his mother on November 2, 1949. A copy of said deed was attached to the bill and it shows that:

For and in consideration of the sum of $1.00, cash in hand paid, the receipt whereof is hereby acknowledged, and the further consideration that the grantee, Sam H. Roberts, the son of grantor, Minnie Roberts, care for, support and maintain her for and during her natural life and at her death furnish and give to her a decent burial, including a marker at her grave at his, grantee's expense, I, Mrs. Minnie Roberts, a single person, and the widow of Tom Roberts, deceased, have bargained and sold, and by these presents do transfer

and convey unto the said Sam H. Roberts, his heirs and assigns, * * *.

On November 8, 1923, the mother and father of the parties to the present suit executed a deed transferring and conveying the said property to their two children, Sam Roberts and Mable Roberts (Hale), in which it was stated:

> For and in consideration of the love and affection we have for our son Sam Roberts and daughter Mable Roberts, we Tom Roberts and wife, Minnie Roberts, hereby *reserve the right to trade and transfer and reinvest for other real estate* the following property, have bargained and sold, and by these presents do transfer and convey unto the said Sam Roberts and Mable Roberts, their heirs and assigns, a certain tract or parcel of land in Cannon County, State of Tennessee. * * * (Emphasis supplied.)

The land is the same as that conveyed to the appellant by the mother as aforesaid.

The appellee, Mrs. Mable R. Hale, the sister of the appellant, Sam H. Roberts, filed a demurrer to the bill. The chancellor sustained the demurrer and in so doing said:

> Clearly, in my opinion, if the right of the conveyors to "* * * trade and transfer and reinvest in other real estate * * *" which they undertook to reserve in the deed did exist, they, by the reservation in the deed, actually constituted themselves Trustees for Sam Roberts, the complainant here, and his sister, Mrs. Mable Roberts Hale, the defendant here, so that they could trade or transfer on behalf of their children for other real estate or sell the land in question as Trus-

tees for their two children and reinvest in other real estate in the names of said children as tenants in common. There is nothing in the 1923 deed from which it might even be inferred that Tom and Minnie Roberts intended by that deed to reserve to themselves the right to eliminate either of their children as the owners of this land or other land which might be acquired from the proceeds of the sale of this land.

The appellant assigns error to the action of the chancellor. We think it necessary in the proper disposition of this case to discuss the first error only, in which it is said:

The Chancellor erred in sustaining Section I of defendant's demurrer, thus holding that complainant and defendant are vested with title to this realty as tenants in common.

The appellee contends that she and the appellant are vested with fee simple title to the property as tenants in common and that the reservation mentioned above, was a joint reservation which the grantors never exercised jointly. She further contends that had the grantors exercised the right, that any property acquired by trade, or any money acquired by transfer or sale, would have had to have been reinvested in other real estate with a fee in the children, as tenants in common. Therefore, appellee contends that the attempted conveyance by deed of November 2, 1949 was void and of no effect as the mother had no legal right or fee which she could convey to the appellant.

Appellant contends on the other hand that the language in the deed of November 8, 1923 reserved in the grantors the right to revoke that deed and convey the

property to whomever they wished. According to the appellant, a power of revocation was expressly retained by the grantors and, therefore, the deed to Sam H. Roberts alone was a valid exercise of that right.

We are not, however, persuaded by the logic of the appellant. It has long been the rule of this State that, in construing a deed, the intention of the instrument is the guide to be followed. That intention is to be arrived at from the language of the instrument read in the light of the surrounding circumstances. *Manhattan Savings Bank & Trust Co. v. Bedford,* 161 Tenn. 187, 30 S.W.2d 227 (1930); *Russell v. Brown,* 195 Tenn. 482, 260 S.W.2d 257 (1953).

The most recent case decided by this Court is *Bennett v. Langham,* 214 Tenn. 674, 383 S.W.2d 16 (1964), written by Chief Justice Burnett, in which he reviewed the authorities about the proper rules to be applied in construction of deeds. He said:

> * * * in construing a deed the court is concerned only with the intention of the grantor as gathered from the language and the surrounding circumstances. In arriving at this intention from conflicting or repugnant clauses, technical rules such as the division of the deed into formal parts will not prevail against the parties. Technical wording will also be construed, not in accordance with its literal meaning absolutely, but in conformity with the intention of the drafter. *Thornton v. Thornton,* 39 Tenn.App. 225, 282 S.W.2d 361; *Southern Railway Co. v. Griffitts,* 42 Tenn.App. 494, 304 S.W. 2d 508; *Gregory v. Alexander,* 51 Tenn.App. 307, 367 S.W.2d 292. 214 Tenn. at 681, 383 S.W.2d at 19.

We think the intention of the grantor is clear in the instant case. The deed clearly states that the land is

conveyed to Sam H. Roberts and Mable Roberts (Hale) as tenants in common, with the reservation that the grantors have the "right to trade and transfer and reinvest for other real estate." The meaning of the words "reinvest for other real estate" could only mean that if the grantors exercised their right to trade or transfer the land, then the proceeds from such trade or transfer or the new land acquired thereby, would become the property of their children, the appellant and the appellee, as tenants in common. We think the reservation of the right to reinvest for other real estate differs significantly from the power to revoke the deed at will, and re-convey the property as if the conveyance of 1923 had never occurred.

We think the meaning of the language in the deed is both clear and explicit. The fee simple estate was conveyed to the parties to this suit with the only reservation being that mentioned above. The powers reserved to the grantors cannot be so broadly construed as to revoke the respective rights of the son and daughter as given in said warranty deed of 1923.

'We are not here concerned with the purpose or the motive of the mother in attempting to deed the property to her son, excluding her daughter, after the elapse of almost twenty-six years since the mother and the father had deeded the property to their children as tenants in common. However, as the fee and legal title to the property had passed to the parties to this suit in 1923, the mother retained no right to convey the property a second time in fee simple and had no right to convey the property at all except for the restricted purposes set out in the deed of 1923.

The case of *Horn v. Broyles,* 62 S.W. 297 (Tenn.Ch. App. 1900), is urged upon us as controlling in the case

at bar. The Horn case concerned a deed containing a provision very similar to the instant case. The grantor there conveyed land to his two sons, subject to a life estate in himself, and reserved the right to sell the land and reinvest the proceeds on the same terms. The Court held that the grantor was the Trustee for his sons, and that the grantor reserved to himself the right to sell the land or any part of it whenever he should deem it to the interest of his sons to make a sale, subject to the provision that so far as concerns the two sons, they were to be equally interested in the proceeds of any such sale.

The Court in that case allowed the grantor-trustee to sell the one-half interest of one son who had died, to the remaining son, that being specifically provided for in the deed itself, but was clear to protect the rights of the heirs of deceased son to his share of the proceeds from the sale. The Court in no way construed the reservation of the power to sell and reinvest as a reservation of the power of revocation. The language of the Court in that case was:

> The substance of the trust and of the power given for its execution, so far as concerns the two sons, was that they were to be equally interested in the proceeds of any sale. If the rights of the heir of Matthias J. Broyles were fully protected in the proceeds, no complaint can properly be made because the donor made a different disposition of that portion which belonged to George W. Broyles. All that Wade H. Broyles, the heir referred to, could rightly demand, would be that his own interest should be properly protected. 62 S.W. at 307.

The appellant contends here that there is an irreconcilable conflict between the granting clause and the habendum clause, and covenant clause in the deed execut-

ed by Mrs. Roberts and her husband on November 8, 1923. We think it sufficient to say that the rules of the common law, which considered the granting clause and the habendum and the tenendum clause as separate and independent portions of the deed, each with its particular function and office have long since become obsolete in this country, and certainly in this State.

The true rule in this State is to look at the whole instrument, without reference to formal divisions, in order to ascertain the intention of the parties, and not to permit antique technicalities to override such intention. *Fogarty v. Stack,* 86 Tenn. 610, 8 S.W. 846 (1888); *Horn v. Broyles,* supra; and the other cases cited above.

█ If we were to hold as urged by appellant that there is an irreconcilable conflict between the two clauses, the common law rule is that the habendum clause cannot be used to contradict the granting clause, but must give way before it. As we have already construed the granting clause in favor of the appellee, the argument of appellant is without force.

In view of the fact that we feel the ruling on the first assignment of error, which was the first ground of the demurrer, is dispositive of this case, and since we hereby overrule said assignment and sustain the demurrer on this ground, as did the chancellor, there is no reason to discuss the other two grounds of the demurrer or the assignments pursuant thereto.

The decree of the chancellor is affirmed at the cost of the appellant.

BURNETT, CHIEF JUSTICE, and DYER, HOLMES and CHATTIN, JUSTICES, concur.