KATELLA BROWN BIBLE et al., Plaintiff-in-Error,

*v.*

STATE OF TENNESSEE and HOPE M. BROWN, et al.,

Defendant-in-Error.

436 S.W.2d 112.

(*Knoxville,* September Term, 1968.)

Opinion filed December 31, 1968.

FRED M. HARTMAN, and CONWAY MAUPIN, Greeneville, for plaintiff in error.

LEON E. EASTERLY and J. G. CUTSHAW, Greeneville, for defendant in error.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

On March 6, 1915, E. K. Brown and wife, Alice Brown, conveyed a tract of land of approximately seventy acres to their two sons, J. O. Brown and J. N. Brown. On September 18, 1956, J. N. Brown conveyed his undivided one-half interest in the property to J. O. Brown. The deed was recorded on September 22 1956, and on the

same day J. O. Brown conveyed to his wife, Hope M. Brown, an estate by the entirety in the same tract of land.

J. O. Brown is now deceased, and the question is whether Hope M. Brown holds the entire seventy acre tract as an estate by the entirety, or whether she has an estate by the entirety in an undivided one-half interest in said tract. The trial judge held Hope M. Brown held the entire tract as a surviving tenant by the entireties, and certain of her children have appealed, assigning this ruling as error.

The deed is as follows:

"I, J. O. Brown, Greene County, Tennessee, grant, bargain, sell, transfer and convey unto my wife, Hope M. Brown, a one-half undivided interest as a tenancy by the entireties in and to the following described premises situate in the 6th Civil District of Greene County, Tennessee, more particularly described as follows:

BEGINNING on a set stone, West 99 poles to a stake in the road; North 17½ deg. West (formerly North 18 deg.) 39½ poles to a pine stump; North 44 deg. West 31 poles to a stake, Drake's corner; North 10 deg. West 23 poles to a stake in the road; North 61 deg. East 38 poles to a stake on the Hunter line; North 18 deg. West 23 poles to a stone on the right-of-way line of the Knoxville road; with same, North 79 deg. East 6 poles; North 68½ deg. East 30 poles; South 87½ deg. East 10 poles; South 74 deg. East 2 poles 9 links to a stake, Bible's line; with said line, North 87 deg. East 5¼ poles; South 63 deg. East 25½ poles; South 42½ deg. East 18½ poles to a stake on the

North East bank of Stony Creek; South 56 deg. West 16 poles to a set stone; South 24 deg. East 75 poles to a red oak; South 58½ deg. East 4 poles to a set stone; South 10 deg. East 12⅔ poles to a set stone; South 8¼ deg. East 18 poles to the BEGINNING, containing 70¾ acres, more or less;

and being the one-half undivided interest conveyed to J. O. Brown by deed of J. N. Brown, a single man, dated September 18, 1956, and of record in Deed Book 197, page 56, in the Office of the Register for Greene County, at Greeneville, to which recording reference is here made for the purpose of incorporation; the other one-half undivided interest having been conveyed to J. O. Brown by warranty of E. K. Brown and wife, Alice Brown, dated March 6, 1915, which deed has been destroyed and was not placed of record and the one-half undivided interest of J. N. Brown having been acquired by the same deed now destroyed.

TO HAVE AND TO HOLD said one-half undivided interest as a tenancy by the entireties unto Hope M. Brown, her heirs and assigns, forever.

I covenant that I am legally seized of said one-half undivided interest as a tenancy by the entireties, have a good right to convey the same that it is free and unencumbered and that I will warrant and define said one-half undivided interest as a tenancy by the entireties unto Hope M. Brown, her heirs and assigns forever, against the lawful claims of all persons.

This September 22, 1956.

s/ J. O. Brown ''

▮▮ We concur in the holding of the trial judge, and overrule the assignment of error. Conceding the rules of deed construction to be as set forth in the appellants' thorough brief, it is clear when these rules are applied that J. O. Brown intended to convey Hope M. Brown an estate by the entireties in the entire seventy acre tract. This is made unavoidably manifest by the granting clause wherein, by clear and express terms, Hope is granted an undivided one-half interest as tenant by the entireties in the entire seventy acre tract of land. The later inept and inartificial reference to this interest as "being the one-half undivided interest conveyed by J. O. Brown by deed of J. N. Brown," cannot negate this plain and clear grant. So to hold would be to allow that which is ambiguous to prevail over that which is certain; which we cannot allow. *Hicks v. Sprangle,* 149 Tenn. 310, 257 S.W. 1044; *Trapp v. McCormick,* 175 Tenn. 1, 130 S.W.2d 122.

Nor, does it matter that in the habendum clause there is an ambiguous reference to Hope M. Brown's estate by the entireties as "said one-half interest". This reference, as the others in the deed, was evidently made on the assumption that although Mr. Brown had been conveyed an estate by the entirety in the entire tract, it was necessary to refer to this interest in some particular language, and that this could be accomplished by so referring to it.

The references to Hope M. Brown's interest appearing in the deed following the granting clause are not intended to limit the estate first granted, but evidently proceed on the mistaken assumption by the draftsmen of the deed that Hope M. Brown's entirety estate should be referred to as an undivided one-half interest, with right of survivorship in the entire tract, implied from referring to her interest as a tenancy by the entireties, a not un-

common but altogether erroneous assumption. We think the grant of an estate by the entirety in the entire tract must prevail, and we so hold.

Unless the later provisions are so reconciled, the only alternative would be to hold that the later provisions irreconcilably conflict with the granting clause, in which event it would prevail with the same result. *Bennett v. Langham*, 214 Tenn. 674, 383 S.W.2d 16; *Roberts v. Hale*, 216 Tenn. 578, 393 S.W.2d 155; *Teague v. Sowder*, 121 Tenn. 132, 114 S.W. 484.

We have considered appellants' contention that the deed does not conform with T.C.A. sec. 64-109 so as to create an estate by the entirety by direct conveyance, and have concluded the contention is not sound. This statute (See Footnote [1]) permitted Hope M. Brown's husband to deed her an estate by the entireties in the entire seventy acre tract. And since we are of opinion this is what he did, appellant's objection in this regard is overruled.

The judgment of the trial court on this matter is affirmed and the case is remanded for further proceedings in accordance with this opinion.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.

---

[1] Sec. 64-109. Estate by entireties created by direct conveyance.— Any married person owning property or any interest therein in his or her own name, desiring to convert his or her interest in such property into an estate by the entireties with his or her spouse, may do so by direct conveyance to such spouse by an instrument of conveyance which shall provide that it is the grantor's intention by such instrument to create an estate by the entireties in and to the entire interest in the said property previously held by the grantor."